INHABITANTS OF STOCKTON *vs.* IRA B. STAPLES.

Waldo, 1876.—January 11, 1877.

### Domicile.

The domicile of a party in any particular locality is acquired by a union of intent and of presence.

*Thus :* The defendant, a shipmaster, left his home in Stockton, in September, 1871, on a voyage, intending to abandon Stockton as his home and, on his return from sea, to go to Searsport and make it his home thereafter. On his return in June, 1872, he married a resident of Searsport, and remained there a few days, then went to sea with his wife, returned to Searsport in May, 1874, and left his family there, not having been in Stockton except on a visit since 1871. *Held,* in an action by Stockton, for taxes for the years

1872-3-4, that from and after June, 1872, when there was a union of intent and of presence in Searsport, his domicile was in Searsport, and not in Stockton.

ON REPORT.

DEBT for taxes on poll and personal property, for the years 1872–3–4.

*W. T. C. Runnells & W. H. McLellan,* for the plaintiffs.

*J. Williamson,* for the defendant.

APPLETON, C. J. This is an action brought under the provisions of c. 232, of the Public Acts of 1874, to recover of the defendant, taxes assessed against him in the plaintiff town, for the years 1872, 1873 and 1874.

The defendant is the master of a vessel. Previous to 1871, his home had been in Stockton. In September of that year, he left on a voyage, intending to abandon Stockton and, on his return, to go to Searsport. On his return from sea in June, 1872, he married a resident of Searsport, in that town, and remained there ten or eleven days. He then went to sea with his wife, and returned to Searsport in May, 1874, and then left his family there. He further testified that he had not been in the plaintiff town, except on a visit, since 1871, and that he claimed his home to be in Searsport.

The domicile of a party in any particular locality is acquired by the union of intent and of presence—the being there with the then present intent to remain for an unlimited time, and that the place where the individual may be, is to be, and then is his domicile. It is solely for the determination of the individual whose domicile is the subject matter of investigation. One may acquire a domicile by the residence of a day, if to the fact of residence be superadded the requisite intention. *Littlefield* v. *Brooks,* 50 Maine, 475. *Parsons* v. *Bangor,* 61 Maine, 457.

The defendant having left the plaintiff town in 1871, with the intention of not returning, and of going to Searsport with the intention of making that place thereafter his home, (and having married his wife there,) must be regarded as an inhabitant having his domicile there. The fact of bodily presence, with an intention there to remain for an indefinite time, co-existed.

The defendant left the plaintiff town in the fall of 1871, but there is no evidence he was in Scarsport until the following June, when he was there married. Thenceforth he must be deemed as an inhabitant of that place. He was there with his wife with the intention of remaining.

The defendant positively testifies that he paid the tax of 1872. The collector of the plaintiff town does not unequivocally deny it. If it were a matter of memory, it would be more likely to be remembered by the defendant, who was interested in only one tax, than by the collector, to whom was committed the collection of all the taxes assessed upon the inhabitants of the town. The preponderant probability upon the question of payment, though slight, is, we think, with the defendant. *Plaintiff nonsuit.*

WALTON, DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.