MOSES SHELDON, ASSIGNEE, *v.* LOUISE CLEMMONS.

January Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, START, THOMPSON and WATSON, JJ.

Opinion filed March 27, 1900.

*Chancery—Appeal from final decree carries up the whole case*—A defendant de-
murred to a part of a bill in chancery, and answered the remainder.
The demurrer was sustained and the orator did not appeal. The cause
was referred to a special master, and on the coming in of the report a
decree was entered dismissing the bill, from which the orator appealed.
As the decree sustaining the demurrer was interlocutory, the orator
could not have appealed therefrom, and the appeal from the final de-
cree brought the whole case into the Supreme Court.

*Collusive judgment—Failure to plead a proper offset not conclusive of fraud*—
When it is claimed that a judgment was obtained by collusion for a
larger sum than the plaintiff was entitled to, for the purpose of defraud-
ing other creditors of the defendant, the mere fact, unexplained, that
the defendant did not plead in offset demands which might have been
so pleaded does not establish the allegation of fraud.

*Finding of master conclusive*—When there is substantial evidence to sustain
the finding of a master, his finding is conclusive.

CHANCERY. Heard upon pleadings, master's report, orators
exceptions to the report and a motion to recommit the same, at
the June Term, 1899, Bennington County, before *Munson*,
Chancellor. Decree *pro forma* overruling the orator's excep-
tions and motion and dismissing the bill with costs to the defend-
ant. The orator appealed.

*W. B. Sheldon* for the orator.

*Barber & Darling, J. K. Batchelder* and *F. C Archibald*
for the defendant.

TYLER, J. It appears from the master's report that the de-
fendant brought a suit in the Bennington County Court against
her brother, Warren Clemmons, in which she sought to recover a
balance which she claimed was due upon her sale to him, in Feb-
ruary, 1881, of all her interest in the personal and real estate of

their father.   In consideration of the sale and conveyance Warren was to pay all the defendant's existing liabilities and pay her the difference between the amount thereof and the value of the property conveyed, which value was never agreed upon.   The suit was tried at the June Term, 1894, and this defendant obtained a judgment for $3,180 and costs, which was affirmed by this court at the January Term, 1895. 68 Vt. 77.

In December, 1894, the orator was appointed assignee in insolvency of Warren Clemmons' estate, and in June, 1895, he brought this bill, alleging that said judgment was obtained through the fraud and collusion of the parties to that suit, and praying that this defendant be enjoined from enforcing her judgment lien upon the insolvent estate.   The defendant demurred to a part and answered the remainder of the bill.   The demurrer was sustained and the allegations contained in the part of the bill demurred to were held insufficient, and no appeal was taken by the orator.   Upon the coming in of the master's report, the Court of Chancery, *pro forma*, overruled the orator's exceptions thereto and his motion to recommit, and entered a decree dismissing the bill with costs, and the orator appealed.

The defendant presented the judgment which she obtained in this court to the Court of Insolvency, and it was allowed.   The orator appealed to the County Court, which rendered judgment for the defendant, and there was an affirmance by this court at the May Term 1897.   69 Vt. 545.

As the decree of the Court of Chancery, sustaining the demurrer, was not final but interlocutory, the orator could not have appealed from it. V. S. 981. That decree remained in the Court of Chancery until the final decree was made, when the appeal therefrom brought the whole case here.   Upon consideration we hold that the demurrer was properly sustained.   If it were found necessary to overrule it in this court, the allegations demurred to would stand admitted, under the rule that the effect of a demurrer is to admit all facts that are well pleaded.   The situation would then be that a part of the allegations in the bill

stood admitted, while the master found that the allegations to which the defendant had filed her answer were not sustained. This would cause no embarassment, however, for, upon the case being remanded, leave would be given the defendant to apply to the Court of Chancery for permission to withdraw the demurrer and answer the allegations that had been demurred to, and such permission would generally be granted. This is the usual practice when the demurrer is to the whole bill, and would doubtless be followed when it is to a part, unless the case were exceptional. If such answer were filed, the case could then go to a master for a further finding and report, if necessary in making a final decree.

The main question in the case was the one submitted to the master, whether there was a collusive agreement or understanding between the parties to the suit at law, to the effect that the plaintiff therein should obtain a larger judgment than she was entitled to, and thereby defraud the defendant's other creditors. The master states that this was the proposition upon which the orator based his claim. It was evidently a sharply controverted question, Warren contradicting his testimony in the suit at law and testifying that there was such an agreement, and his sister denying it. It was the master's province to determine that question upon the evidence, and he has found that there was no collusion, and his finding is conclusive. He finds that the defendant, in the suit at law, had demands upon which the plaintiff was liable with others, which, by the terms of the agreement between the parties, were applicable to the plaintiff's demand against the defendant and might have been pleaded by him in offset or in payment. Why they were not so pleaded the master is unable to find, but does find that it was not by reason of any collusion between the parties. The mere fact, unexplained, that the defendant in that suit did not plead his demands in offset, does not establish the allegation of fraud and entitle the orator to have the judgment set aside.

*The pro forma decree is affirmed, cause remanded with mandate that the bill be dismissed.*