MOSES SHELDON v. LOUISE CLEMMONS.

Special Term, Rutland, November, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed April 13, 1909.

*Equity—Pleadings—Amendment After Mandate From Supreme Court—P. S. 1317—Construction.*

P. S. 1317, providing that a court of chancery, after mandate in a cause heard and determined in the Supreme Court has been sent down and filed, may permit either party to file new or amended pleadings, does not give the court of chancery, after mandate from the Supreme Court in a cause there heard and determined on its merits has been sent down and filed, power to permit the losing party to file new or amended pleadings again presenting the same issues.

APPEAL IN CHANCERY.  Heard on the orator's petition for leave to file an amended bill, at the June Term, 1908, Bennington County, *Miles,* Chancellor.  Decree, as matter of law, that the court of chancery is without jurisdiction to grant the petition, and that final decree be entered dismissing the bill with costs pursuant to the mandate from the Supreme Court.  See 72 Vt. 185.  The orator appealed.

*W. B. Sheldon* for the orator.

*O. M. Barber* and *J. H. Batchelder* for the defendant.

Where a cause is remanded with specific directions, the court below has no discretion in the premises, but must pursue the mandate of the appellate court.  *Monahan* v. *Monahan,* 77 Vt. 155; 13 Enc. of Pleading and Practice, 864 and cases cited; *Gale* v. *Butler,* 35 Vt. 449; *Boggs* v. *Willard,* 70 Ill. 315, 22 Am. Rep. 77; *West* v. *Brashear,* 14 Pet. 51, 10 L. Ed. 350; *Magwire* v. *Tyler,* 17 Wall, 253, 21 L. Ed, 577; *Re Washington R. R.* 140, U. S. 91, 35 L. Ed., 339; *Groves* v. *Sentell,* 66 Fed.

179; 13 Enc. of Pleading and Practice, 862 and cases cited; *Mackal* v. *Richards*, 116 U. S., 45; *Hill* v. *Hill*, 53 Vt. 578.

WATSON, J. When this case was here on appeal from the decree rendered upon the pleadings, master's report, orator's exceptions to the report and motion to recommit the same, the decree dismissing the bill with costs was affirmed and cause remanded with mandate that the bill be dismissed. 72 Vt. 185, 47 Atl. 796. The case was thus remanded at the January Term, 1900, of this Court, and thereafter remained on the docket of the court of chancery without anything further being done until May 15, 1908, when the orator presented his petition for leave to file an amended bill. A hearing being had on the petition as far as it relates to the filing of the proposed amended bill, it was considered and adjudged, as matter of law, that the court of chancery has no jurisdiction to grant the petition in this respect, and without prejudice to the orator as to any other matters contained in the petition, it was ordered that leave to file the proposed amended bill be denied and that final decree be entered dismissing the bill with costs pursuant to the mandate from this Court on file.

The orator contends that under the provisions of sections 1317 and 1318 of the Public Statutes, the court of chancery had the power to grant the petition, and that to deny it as matter of law was error. The original bill has not been furnished us, yet it appears from the master's report and from the opinion of this court (72 Vt. 185, 47 Atl. 796) that the main question in the case heard and determined by the master was, in the language of the court, "whether there was a collusive agreement or understanding between the parties to the suit at law, to the effect that the plaintiff therein should obtain a larger judgment than she was entitled to, and thereby defraud the defendant's other creditors." The master found affirmatively that whatever was done or omitted on that trial was not the result of a collusive understanding or agreement between the parties, and this finding was held to be conclusive. The case made by the proposed amended bill is substantially the same: the main question involved and the one upon which the right to the relief sought depends is that of the collusive understanding and agreement regarding the judgment to be obtained in the suit at law,

heard and determined by the master and by the mandate sent down.

It is said in the defendant's brief that the proposed amended bill introduces no issues not already decided. This is not denied in the orator's brief; indeed nothing is said therein about it, nor is any attempt made to show any substantive reason why leave to file the amended bill should be granted. Standing thus, a case is presented where after mandate has gone down from this Court on the merits, directing in affirmance of the decree below that the bill be dismissed, the losing party asks leave to file an amended bill in effect to rehear the same issues of fact previously heard and determined. Whatever may be the legitimate construction of the statute upon which the orator relies in a case proper for its application, certain it is that this statute was not intended to give and does not give the court of chancery, after mandate from this Court in a cause heard and determined on the merits has been sent down and filed, power to permit the losing party to file new or amended pleadings presenting the same issues as were presented by the original pleadings, for the purpose of trying the same questions over again. In such circumstances that court has no greater power in this respect than it had before the enactment of this statute, and there was no error in denying the petition as a matter of law and entering a decree according to the mandate. *Canerdy* v. *Baker,* 55 Vt. 578; *Sortwell* v. *Montpelier and Wells River R. R. Co.,* 56 Vt. 180; *Sherman* v. *Windsor Mfg. Co.,* 57 Vt. 57.

*Decree affirmed and cause remanded.*