HATTIE M. GORDON AND JOHN W. GORDON *v.* THOMAS J. DEAVITT
ET AL.

October Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed January 8, 1912.

*Appeal in Chancery—Mandate with Directions—Effect—Husband
and Wife—Homestead—Mortgages—Foreclosure — Redemption by Wife—Effect—Unsupported Points on Error in Appellant's Brief Disregarded.*

On an appeal in chancery after hearing below on demurrer to the bill, wherein the demurrer was overruled, bill taken as confessed, and decree for the orators, where the Supreme Court remanded the case with a mandate modifying and affirming the decree below, with directions disposing of the whole controversy, those directions were obligatory on the court of chancery, and so it could not allow further proceedings on the merits involved in the main issue determined on the demurrer.

Where the amount of a redemption payment, ordered by the Supreme Court in a mandate remanding a case in chancery with directions, was matter of record, no reference to a master was needed to determine it.

Where a husband and wife, to secure his debt, executed a mortgage on premises owned by the husband and occupied by them both as a homestead, and to protect her homestead she seasonably redeemed the premises after foreclosure of the mortgage, though that redemption arrested the operation of the foreclosure decree both as to her and her husband, who during all the time was occupying the premises with his family, it did not have the effect of putting her in possession thereof so that she was chargeable with its rents and profits.

This Court will not search for grounds to reverse a decree, and so where points of error in appellant's brief are unsupported by any grounds, reasons, or argument, they will not be considered.

APPEAL IN CHANCERY, Washington County, September Term, 1910. Heard on the mandate of the Supreme Court recited in 84 Vt. 59, and on defendant's motion for leave to file an answer. Motion overruled and decree of foreclosure for the

orators in accordance with said mandate.   Defendant Thomas
J. Deavitt appealed.

*John W. Gordon* and *R. M. Harvey* for the orators.

*Thomas J. Deavitt* and *Edward H. Deavitt* for the defendant.

WATSON, J.   The mandate from this Court (84 Vt. 59,
78 Atl. 113) directed that the homestead be set out in accordance
with the provisions of the statute, and that the remainder of
the premises be appraised, and that the defendants pay for the
benefit of the orators the amount of said appraisal, or a part
thereof equal to the amount of the redemption, payment and
interest, with costs, by a day to be fixed by said court, or be
foreclosed.   These directions were obligatory upon the court
of chancery, and proceeding under them, it was not within
the power of that court to allow further proceedings  on the
merits involved in the main issue determined on  the demurrer.
This being so, the refusal by the chancellor to permit defend-
ant Deavitt to file answer was not error. *Sheldon* v. *Clemmons*,
82 Vt. 169, 72 Atl. 687.

It is further urged that it was error not to refer the cause
to a master, or to have a hearing before the chancellor, to ascer-
tain the sum due in equity.   But such a reference or hearing
(certainly without request, and none is shown in this case) was
unnecessary; for the amount of the redemption payment was
a matter of record in the case, and to find the interest thereon
was a mere matter of computation.   It is said however that
the rents and profits of the mortgaged premises should have
been taken into consideration in fixing the sum due in equity.
It is not claimed that the orator has had any of the rents and
profits, and the claim that the oratrix has is without foundation.
Before and at the time of the foreclosure proceedings on the bank
mortgage, Truman R. Gordon, the  husband of the oratrix,
was, and ever since has been, in possession of the  entire premises,
and occupying the same with his family.   The oratrix, a party
defendant in that case, paid the decree within the period allowed
therefor, to protect her homestead interest.   This payment
had the effect to arrest the operation of the decree as to all the

defendants, of whom Truman R. was one (*Wheeler* v. *Willard,*
44 Vt. 640; *Phelps* v. *Root,* 78 Vt. 493, 63 Atl. 941), but it did
not have the effect to put the oratrix into possession of the
premises.   It follows that the rents and profits could not properly
be considered in the assessment of the sum due in equity.

The points in defendant Deavitt's brief not in effect covered
by the foregoing holdings, are without any stated grounds or
reasons, and not supported by argument.   The Court will not
search for grounds upon which to reverse the decree.

· *Decree affirmed and cause remanded.   Let a new time of re-
demption be fixed.*