CARL S. HOPKINS, TRUSTEE *v.* JOHN P. SARGENT'S ESTATE.

May Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, AND HASELTON, JJ., AND
FISH, SUP. J.

Opinion filed October 14, 1914.

*Witnesses—Competency—P. S. 1590—"Other Party"—Actions
by a Trustee—Competency of Beneficiaries as Witnesses—
Evidence to Discredit—Mortgages—Assignment For Collec-
tion—Acts and Declarations of Deceased—Review—Briefs.*

The words, "the other party," as used in P. S. 1589, providing that,
where one of the original parties to the contract or cause of action
in issue is dead, "the other party" shall be disqualified to testify,
refer to the other party to the original contract or cause of
action, rather than to the other party to the record.

Where a mere naked technical trustee sues as such, his *cetuis qui
trustent* are treated as the real plaintiffs, and so where such trus-
tee, as such, sued a decedent's estate his *cetuis qui trustent* were
"the other party" to the record within the meaning of P. S. 1590,
disqualifying, when an executor is a party, "the other party" to
testify in his own behalf, and each *cestui qui* trust was dis-
qualified to testify either for himself or for the other.

To discredit defendant's witnesses, who denied knowledge of a certain
box, plaintiff was properly allowed, as against the objection of
immateriality and irrelevancy to show that such box came into
their control.

If an assignment of a mortgage by a testatrix before she made her
will was merely for collection, the avails would be hers, and pass
under the residuary clause of her will.

Where all that the exceptor's brief says relative to an exception to
the refusal to give requested instructions is merely that the
refusal amounted to reversible error, the matter will not be con-
sidered on review.

In an action against a decedent's estate, acts and declarations of de-
cedent, inconsistent with the defence, and amounting to admissions

that he received the property in question as trustee, were properly received in evidence.

APPEAL from the disallowance by the commissioners on the estate of John P. Sargent of a claim presented by Carl S. Hopkins, as trustee for Walter Bartlett and Lizzie Bartlett. Declaration, special assumpsit. Plea, the general issue. Trial by jury at the April Term, 1913, Windham County, *Taylor,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*A. P. Carpenter, Charles S. Chase,* and *William R. Daley* for the defendant.

*Barber & Barber* for the plaintiff.

POWERS, C. J. . This is an appeal from the disallowance by the commissioners on the estate of John P. Sargent of a claim presented by Carl S. Hopkins, trustee of Walter Bartlett and Lizzie Crozier Bartlett, his wife. John P. Sargent and his wife, Emma, lived at Brattleboro. The latter owned two western mortgages and the notes secured thereby. On September 28, 1898, Mrs. Sargent duly assigned and delivered these notes and mortgages to her husband, John P., and on October 13, 1898, she made and executed the will under which the claimant was appointed trustee of the Bartletts. Two days later she died.

After the mortgages came to his hands as stated, John P. Sargent collected them and used the avails for his own purposes. He was named as executor in Mrs. Sargent's will and settled her estate, but made no account therein of the two mortgages or the money realized therefrom.

By the third paragraph of Mrs. Sargent's will, she gave her husband the use, interest and income of the residue of her estate, with the right to use so much of the principal as might be required for his comfortable support; and at his decease, she gave the interest, income and rents of what remained of such residue to Walter Bartlett and Lizzie Crozier Bartlett, or the survivor of them, until the said Walter arrived at the age of forty-five years, when the principal was to become theirs.

It is under this paragraph that the claimant seeks to recover in the rights of the Bartletts, the amounts received under the mortgage.

John P. Sargent died October 25, 1910, and Walter L. Sylvester duly qualified as his executor.

The trial below resulted in a recovery by the claimant of the amount of the mortgages and the case comes here on the executor's exceptions.

The Bartletts were allowed to testify at the trial and the executor was allowed an exception to the competency as witnesses, and this presents the most important question in the case.

They testified that they were present when the two mortgages were transferred to Sargent, and that the purpose of such transfer, as then stated by Mrs. Sargent, was to enable Sargent conveniently to handle them for the Bartletts' benefit and to save the expense of an administrator in the west; and that the avails of the mortgages should be for the benefit of the Bartletts after Sargent's death. They also testified to other matters pertinent to the issues raised.

The claimant predicates his argument in support of the ruling on *Atkins' Est.* v. *Atkins' Est.*, 69 Vt. 270, 37 Atl. 746. That was a case in which Julia Atkins' estate was seeking to recover from the estate of her husband, Hiram Atkins, the sum he was to pay for the property which came to her from her father's estate and which had been transferred to Hiram in his life time. Henry M. Kimball made the transfer as administrator of the estate of Mrs. Atkins' father. Kimball was also the administrator of Mrs. Atkins' estate. He was allowed to testify in support of the claim. It was held that he was not disqualified by V. S. 1237, (P. S. 1589), because he was not a party to the contract in issue; nor was he disqualified by V. S., (P. S. 1590), for though the adverse party was an administrator, there was no inequality, and he was not within the purpose and meaning thereof.

Inasmuch as the defendant here claims nothing on account of P. S. 1589, but puts the disqualification of the Bartletts squarely on P. S. 1590, the Atkins' case does not help the claimant. For, applied to the case in hand, it merely means at most that Hopkins, the trustee, would be competent;—that between him and the executor there would be no inequality. But the

standing of the *cestuis qui trustent,* the Bartletts, as witnesses, are not touched by that case.

It was held in *Mier* v. *Thieman,* 90 Mo. 433, 2 S. W. 435. a case that would come under P. S. 1589, that the words of the statute "the other party" refer to the other party to the original contract or cause of action, and not necessarily to the other party to the record. This holding was referred to with unqualified approval in *Barnes* v. *Dow,* 59 Vt. 530, 10 Atl. 258,— the court saying that "although this doctrine may not yet have been reached in our decisions, its justice and logic would seem to compel its ultimate adoption," a sentiment with which we now concur. It may be, however, that the words "the other party" in P. S. 1590, in view of the context or other proper consideration, have a more restricted meaning.

It has frequently been said that competency being the rule and incompetency the exception, such statutes should be strictly construed, and some have said that it is not enough that the witness should come within the spirit of the statute, but that he must come within its letter. But however this may be, we think the statute should receive a reasonable construction, and that this requires us to have regard for the fraudulent practices which it was designed to guard against. A mere glance at the matter shows that if we were to hold that persons situated like the Bartletts could testify in a suit like this, the door would be open to much fraud and false swearing. Take this very claim: Sargent lived twelve years after his wife died. During all this time he treated the mortgages and their avails as his own. On February 7, 1899, he filed his sworn inventory as executor of Mrs. Sargent's estate, in which he made no reference to this money. Subsequently, he presented his administration account, therein making no reference to this fund, which account was examined and allowed by the probate court. All this time the Bartletts knew that this money belonged to them as much as any of Mrs. Sargent's property. Without insinuating that this claim is anything but an honest one, it is apparent that the plaintiff's theory of the law would greatly favor a designing person situated as the Bartletts are who desired to defraud Mr. Sargent's estate.

The statute should be considered with great care before such a construction is placed upon it as would make this result possible.

Happily, it is not difficult to avert this result; for the Bartletts are parties to the record. To be sure, they are suing by representation; but in every fair sense they are the claimants. The trustee is nothing but a representative. He holds the legal title, but he holds it for them and not for himself. He holds it, but he does not own it. It may be taken from him and conferred upon another without his consent. Accordingly it is held that when a trustee sues, his *cestui* is a party to the record. *Gabbitt, Tr.* v. *Sparks,* 60 Ga. 582. It is like the case of an infant suing by next friend, in which case the infant is a party. *Ranson* v. *Harleeren,* 13 Oh. C. C. (N. S.) 511. In such cases the law will not regard the particular form or arrangement called for by the rules of pleading but will look through the form to the substance, and see who it *really* is who is suing.

The Bartletts are incompetent under the statute and to admit their testimony was error. But the plaintiff says that even if they were disqualified under P. S. 1590, each was a competent witness for the other, and the contrary not appearing, this Court will presume in aid of the judgment that their testimony was so restricted; in other words, that Bartlett was used only as a witness for his wife, and Mrs. Bartlett only as a witness for him. But the contrary does not appear. The transcript is referred to on all questions and made controlling, and it shows that no such restriction was made below. But beyond this, the plaintiff's position is untenable. We do not put our decision on the ground that these witnesses were disqualified by their interest, but that they were parties. So it is not a question whether one was testifying for himself or the other.

The defendant excepted to certain evidence regarding a tin box in which Sargent is said to have kept his valuable papers. The only point made in the brief is that it was immaterial and irrelevant. It is a sufficient answer to this objection to say that the Heywoods were witnesses for the defence and denied knowledge of such a box; and to discredit them it was competent to show that there was such a box, that it came into their control, and that it had not been produced by them. There was evidence tending to establish these facts. And for this reason, the argument in behalf of the plaintiff regarding the conduct of the Heywoods was warranted. Whether or not more regarding the

tin box was received in evidence than was admissible, we do not stop to consider in view of the limited objection now urged.

There was no error in overruling the defendant's motion for a verdict. The claim was that the transaction between Mr. and Mrs. Sargent amounted either to a valid gift or an irrevocable trust in favor of the Bartletts. And that inasmuch as Mrs. Sargent had parted with the possession and title before she made her will, she could not devise the mortgages by her will. But as the case stood there was evidence tending to show that she only assigned the mortgages for collection, in which case the avails would be hers, and it would not be a case in which she parted with full title.

The defendant excepted to the refusal of the court to charge the jury in accordance with his first, second, third and eighth requests. All he says in his brief is that such refusal amounted to reversible error. He gives us no aid in discovering the error, and his points, if he has any, are too inadequately briefed to require consideration. This Court does not search for grounds on which to reverse a judgment. *Gordon* v. *Deavitt,* 85 Vt. 338, 81 Atl. 1128.

The acts and declarations of Mr. Sargent, so far as they were inconsistent with the defence made in behalf of his estate and amounted to admissions that he took the mortgages as trustee, and that the funds were to go under the will, were properly received in evidence, though we have seen, they could not be proved by the Bartletts.

*Reversed and remanded.*