EMMARETTA DROWN *v.* AURELIUS ODERKIRK.

May Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed October 28, 1915.

*Deeds — Conditions — Validity — Fraud—Parol Evidence—Admissibility—Competency—Sufficiency—Remedy—At law or in Equity—Instructions—Exceptions—Sufficiency—Argument of Counsel—Waiver by Failure to Brief.*

A valid provision in a conveyance of real estate, requiring the grantee to support the grantor's child, is as binding on the grantee after he has accepted the deed as if he had signed and sealed the instrument, though because he has not done so, assumpsit, and not covenant, can be maintained for a breach of the condition; yet, in assumpsit by the grantee against the grantor for the support of the child, the grantee may show by parol that the grantor fraudulently caused the provision to be inserted, for in that event it never had any legal existence.

Testimony that a provision in a conveyance of real estate, requiring the grantee to support the grantor's child, was never discussed by the parties, that the grantor on the day the deed was executed agreed to pay the grantee for the support of the child, that the grantee was then very deaf, that while the deed was being drawn the grantee was walking the floor with a sick and fretful baby, while the grantor stood right over the lawyer drawing the deed, that the deed was never read to the grantee and she did not know of the provision for some years, and that the grantor had made small payments at various times for the support of the child, warranted the inference that the grantor fradulently caused the provision to be inserted.

A party cannot complain that testimony elicited by him is given its probative force.

Where one party introduces inadmissible evidence the other party may introduce evidence of like character at least to meet it, if not to supplement it.

In assumpsit, the nonjoinder of a necessary party plaintiff is available to defendant on the trial, and where the evidence was such that it

was the duty of the court to submit to the jury whether defendant contracted with plaintiff alone, or with her and her husband jointly, and both parties argued that issue to the jury, and the court instructed that there could be a verdict for plaintiff only if the jury found a contract between plaintiff and defendant, that issue was sufficiently submitted as against defendant's exception for failure to submit it, for, if defendant thought the instruction insufficient, he should have specified its defects.

Although reference by counsel in argument to the pleas filed in the case was wholly improper and merited rebuke, as it could not aid the jury in reaching a just verdict, that was a matter for the trial court to handle and, in the circumstances, an exception thereto is not sustained.

Where defendant took 12 exceptions to the charge, the mere recitation thereof in his brief with the statement, "defendant relies upon all these 12 exceptions in this court," is too inadequate briefing to induce any consideration on review.

GENERAL ASSUMPSIT. Pleas, the general issue, payment, and the Statute of Limitations. Trial by jury at the December Term, 1913, Caledonia County, *Fish*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

Plaintiff's counsel, in his closing argument to the jury, stated that defendant had pleaded the general issue, payment, and the Statute of Limitations, and read each of those pleas, saying that he did so simply to call attention to what the pleadings in the case were, that is, the defences, for the purpose of arguing the propositions. Thereupon defendant objected that he had a legal right to make those defences, and they were not to be taken against him in argument. To this plaintiff's counsel replied, "I don't admit that is the law in this State. Where the Statute of Limitations is pleaded, it has been held that it is always proper subject-matter of argument." To this defendant excepted, and, subject to defendant's exception, plaintiff's counsel was allowed to proceed as follows: "Now, gentlemen of the jury, I think you and I can straighten this all out. If the interruption had not occurred, this thing would have been all closed up before this. I am saying to you that, the gentlemen pleaded the general issue,—they did not 'assume and promise.' I am saying to you that they pleaded payment, that is, that if they did assume and promise, they paid, and I am saying to you

further, gentlemen of the jury, that these gentlemen say that if they did assume and promise, and they have not paid, by their pleadings that the cause of action is outlawed.''

*Guy W. Hill* for the defendant.

*Elisha May* and *Simonds, Searles & Graves* for the plaintiff.

POWERS, J.   The plaintiff seeks to recover pay for the care and support of the defendant's minor daughter, Goldie.   The defendant pleads the general issue, payment, and the Statute of Limitations.   Judgment below was for the plaintiff on a verdict in her behalf.

It appeared that on August 16, 1901, the plaintiff bought of the defendant a small place in Danville; and in support of his plea of payment, the defendant put in evidence a deed of this place, wherein appeared the following clause:   ''Said Emmaretta Drown is to tenderly care for and bring up Goldie Pearl Oderkirk, daughter of the grantor, Aurelius J. Oderkirk, as a further consideration for this deed.''   Having given in evidence facts enough to show an acceptance of this deed by the plaintiff, the defendant asserted the claim that it constituted a complete bar to the action, and that parol evidence could not be received to vary or contradict the provision quoted, since one cannot, in an action at law, be heard to swear away his own deed.   On the other hand, the claim of the plaintiff was that this provision was inserted in the deed without her knowledge or consent, and by fraudulent procurement of the defendant; and, subject to the defendant's exception, she was allowed to give evidence tending to establish these facts.

That a provision of this character, in a deed accepted by the grantee, is, the question of fraud aside, as binding upon the latter as though he had signed and sealed the instrument is admitted.   *Bishop* v. *Allen*, 55 Vt. 423.   It is not, however, his deed, and the provision is not his covenant, for the obvious reason that it does not bear his seal.   So accordingly, it is held with us that an action for a breach of such a provision must be assumpsit and not covenant.   *Johnson* v. *Muzzy*, 45 Vt. 419, 12 Am. Rep. 214.   *First Cong. Meeting House Society* v. *Rochester*, 66 Vt. 501, 29 Atl. 810.   So the fact that the provision is contained in a deed does not affect the question here presented,—and we do not

mean to imply that it would be affected by the fact that the provision was in an instrument sealed by the plaintiff. That there was evidence tending to show that the provision in question was fraudulently inserted by the defendant's procurement cannot be denied. There was testimony to the effect that such an agreement was not discussed or entered into at that or any other time; that the defendant did, in fact, on that very day, agree to pay the plaintiff for the care and support of the child; that the plaintiff was very deaf; that all the time the deed was being prepared, she was walking the floor of the lawyer's office with a sick and fretful baby; that the defendant stood "right over the shoulder" of the lawyer while he was drawing the deed; that the deed was not read over to her; that she knew nothing of this provision until she discovered it some years after; and that the defendant, when asked for money toward the support, never claimed the plaintiff was bound to take care of the child without pay, but continued to promise to pay for her keep, and did in fact make small payments from time to time. From this evidence, the jury might well draw the inference that the defendant fraudulently caused the provision to be inserted in the deed. The admissibility of this evidence, however, stands for consideration. It appears that the defendant, himself, opened this question, and that much of the evidence tending to impeach this provision of the deed was brought out by him. So far as this evidence is concerned, he cannot be heard to complain, of course. *Clark* v. *Wild*, 85 Vt. 212, 81 Atl. 536, Ann. Cas. 1914 C, 661; *Thorworth* v. *Blanchard*, 87 Vt. 38, 87 Atl. 52, and cases cited. But the plaintiff was allowed to go further, and give other evidence along this line, and she claims that this was proper in view of the defendant's conduct in opening the door for the admission of this kind of testimony. The rule is well established that when one party introduces inadmissible testimony, the other party may introduce testimony of like character to meet it. *Jenness* v. *Simpson*, 84 Vt. 127, 78 Atl. 886. But the testimony here complained of went further; it did not meet that introduced by the defendant, but supplemented it; and it may be that the rule relied upon is not broad enough to cover such a case. We leave this question untouched, however, for we think the testimony was admissible without regard to the defendant's conduct. That the facts evidenced by the testimony referred to would make a good case for reformation in equity is apparent. *Kilmer*

*v. Smith,* (N. Y.) 33 Am. Rep. 613.    But under the holdings of this Court, the plaintiff is not compelled to resort to equity.    If the provision was fraudulently inserted in the deed by the defendant or his procurement, it never had legal existence.    She accepted the instrument, supposing that it was nothing more than a deed of the place; it turned out to contain an engagement on her part fraudulently inserted by the defendant; to compel her to perform this engagement would be such an unjust imposition upon her that a court of law will protect her by allowing the facts to be shown.    Thus, when a party accepts a writing, supposing it to be a mere receipt for transportation charges, but which turns out to contain in addition certain stipulations inconsistent with the contract of the parties, the facts may be shown by parol.    *King* v. *Woodbridge,* 34 Vt. 565.    When one accepts a ticket of admission to a fair, supposing it to be nothing more, which turns out to contain a provision binding him to membership in the corporation giving the exhibition, parol evidence is admissible.    *Tarbell & Whitham* v. *Gifford,* 82 Vt. 222, 72 Atl. 921, 17 Ann. Cas. 1143.    So, too, when an ignorant servant signed a writing supposing it to be a receipt for money paid, and nothing more, when in fact it contained a release of his cause of action against the master for negligence, parol evidence is admissible to show these facts, and it makes no difference that the writing is under seal.    *Vaillancourt* v. *Grand Trunk Ry. Co.,* 82 Vt. 416, 74 Atl. 99.

The defendant contends that the contract, if any, was between the defendant, on the one part, and the plaintiff and her husband, on the other part; and that for this reason the husband should have been joined as plaintiff.    It is true that the plaintiff, herself, made statements on the stand from which, standing alone, it might be inferred that the engagement was that of herself and husband; on the other hand, she made statements showing that the contract was her sole engagement.    The most that can be claimed, therefore, is that it was a question for the jury.    Both sides argued it as a jury question.    And the defendant must have then understood that it was such, for the only exception taken by him was to the failure of the court to submit this question to the jury.    It was, in the circumstances shown, the duty of the court so to submit it, as the non-joinder, if any, was available on the trial.    *Hilliker* v. *Loop,* 5 Vt. 116, 26 Am. Dec. 286.

Turning to the charge, we find that this question was not, in terms, submitted; but the jury were instructed that their verdict should be for the plaintiff only in case they found that there was a contract between the plaintiff and the defendant. If the defendant regarded this as insufficient, he should have called specific attention to its defects. As against the exception taken, it was well enough.

We cannot say that the allowance of the argument of counsel wherein reference was made to the pleas filed in the case was reversible error. It was wholly improper and should have been roundly rebuked by the court, as it could afford no aid to the jury in reaching a just verdict. But it was a matter for the trial court to handle, and in the circumstances shown, the exception thereto is not sustained.

The defendant took twelve exceptions to the charge. The only one that can fairly be said to be briefed is the one already disposed of. At the end of the brief, after reciting these twelve exceptions, it is said that "the defendant relies upon all these twelve exceptions in this Court." This is all that is said about them. No error is pointed out; no attempt is made to assist the Court in finding error. Therefore it is enough for us to say that the exceptions are too inadequately briefed to require attention. *Gordon* v. *Deavitt,* 85 Vt. 338, 81 Atl. 1128; *Hopkins* v. *Sargent's Estate,* 88 Vt. 217, 92 Atl. 14; *Carleton* v. *Fairbanks & Co.,* 88 Vt. 537, 93 Atl. 462; *Comstock* v. *Jahant Heating Co.,* (Ala. App.) 64 So. 178; *Indianapolis* v. *Shoenig,* (Ind.) 95 N. E. 324; *Chicago, etc. R. Co.* v. *Barnes,* (Ind.) 38 N. E. 428.

*Judgment against principal defendant affirmed. Judgment against trustees as per stipulation on file.*