CHARLES BARCLAY *v.* WETMORE & MORSE GRANITE COMPANY.

January Term, 1919.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 8, 1920.

*Effect of Waived Count as an Admission—Conclusiveness of Decision on Prior Appeal—Necessity of Showing Different Evidence on Retrial—Motion to Set Aside Verdict—Damages in Common-law Action Not Affected by Workmen's Compensation Act—Excessive Verdict—Court's Discretion —Evidence—Mortality Tables—Motion to Set Aside Verdict Not Proper Way to Challenge Want of Evidence— Exceptions Merely Referring to Transcript Not Properly Briefed.*

1. A count in a declaration that has been waived will be treated as dropped from the pleadings; and any material admission

contained in it stands like any other documentary admission *dehors* the record.

2. Where a count which had been waived was offered in evidence as an admission by the plaintiff, any inconsistency between it and the count relied upon was open to explanation, as that it was due to a mistake or inadvertence.

3. A defendant is concluded by the decision of the Supreme Court on a former hearing that the evidence was sufficient to carry the case to the jury, unless the evidence pertinent to the issue at the retrial was materially different.

4. In such case, it is incumbent upon the defendant, when asking the Court to reconsider a question covered by its former decision, to point out some substantial difference in the evidence introduced at the retrial.

5. A motion to set aside a verdict as against the evidence is addressed to the discretion of the trial court, and its action will not be disturbed on review, except for abuse of discretion, or unless the verdict is wholly unsupported by the evidence.

6. The damages recoverable by a servant in a common-law action for negligence are not limited to the maxium amount fixed for such injuries under the Workmen's Compensation Act.

7. In view of the plaintiff's physical and nervous condition due to the accident in question, the court's refusal to set aside the verdict for $11,000 as excessive was not an abuse of discretion.

8. Mortality tables are proper evidence in personal injury cases as to probable duration of life, but are not indispensable evidence.

9. In a personal injury case, the proper way to raise the question of want of evidence of the probable length of plaintiff's life as affecting the length of time he will probably suffer is not by a motion to set aside the verdict, but by a request to charge or by an exception to the charge as given.

10. Where it is apparent that the jury did not go astray in determining the probable length of plaintiff's life unaided by the use of mortality tables, any error due to the failure to use them was harmless.

11. Exceptions briefed only to the extent of referring to the pages of the transcript where it is said they can be found and their point ascertained are not sufficiently briefed to bring them before the Supreme Court for review.

ACTION OF TORT for negligence. Plea, the general issue. Upon trial the plaintiff waived the second count of his declaration and claimed to recover solely upon the first count. Trial by jury at the March Term, 1918, Washington County, *Fish*, J., presiding. Verdict for the plaintiff to recover $11,000 damages. Judgment on the verdict. The defendant excepted. The opinion states the case.

*Edward H. Deavitt* for the defendant.

Mortality tables are recognized as proper evidence in cases of death or permanent disability to show the probable duration of life or period of permanent disability, as the case may be. *Donaldson* v. *Mississippi & Missouri R. Co.*, 18 Iowa 280, 87 A. D. 391; *McDonald* v. *Chicago & N. W. R. Co.*, 26 Iowa 124, 96 A. D. 114; *Lincoln* v. *Powers*, 151 U. S. 436; 19 R. C. L. 224.

*John W. Gordon* and *S. Hollister Jackson* for the plaintiff.

TAYLOR, J.   This case has once before been here on exceptions. On the record then presented the defendant had been found liable under both counts of the declaration, one charging negligence in failing to provide the plaintiff a safe working place, and the other, in employing an incompetent foreman to superintend the work. It was then held that the question of the defendant's negligence under the first count and of the plaintiff's freedom from contributory negligence were, as the evidence then stood, for the jury; but that the court erred in submitting the case on the second count, which required a reversal and a new trial. 92 Vt. 195, 102 Atl. 493. At the retrial the plaintiff waived the second count and claimed to recover only under the first. There was a verdict and judgment for the plaintiff, and the defendant reserved exceptions.

[1, 2]   The questions briefed relate (1) to liability and (2) to damages. The question of liability is argued under an exception taken to the action of the court in overruling the defendant's motion for a directed verdict. Only 3 of the 18 grounds of the motion require separate attention. The 16th ground relates to a question of variance, which the court disposed of by permitting an amendment of the declaration as provided by the Practice Act. G. L. 1796. The 17th and 18th grounds advance the

claim that the plaintiff admitted by the allegations of the second count that the cause of the accident was different from that shown in evidence under the first count, in that the seam he was loading was in a different place, and that the admission was conclusive of his right of recovery.  The second count was offered in evidence and excluded on plaintiff's objection, but later admitted when the objection was withdrawn.  The defendant's brief sheds very little light on the question presented.  The point is disposed of with the claim that matters contained in the second count were in the nature of a conclusive admission against the claim of the plaintiff as shown by his evidence, and therefore that the defendant was entitled to judgment on its motion for a verdict.  We have not been furnished with a copy of the count which would be necessary to support the defendant's position.  But if the record showed all that is claimed for it, the result would be the same.  The question of the admissibility of the abandoned count is not raised, and it is to be treated as properly in the case.  But, being in, it does not have the effect claimed for it.  In any event, it did not establish conclusively that the place where the plaintiff was working at the time of the accident was not that of which he complained in his evidence.  The count having been waived, it stood as did the original answer in *Scoville* v. *Brock*, 79 Vt. 449, 456, 65 Atl. 577, 118 A. S. R. 975.  The inconsistency, if it existed, was open to explanation, as that it was due to a mistake or inadvertence. *Bartlow* v. *Chicago, etc., R. Co.*, 243 Ill. 332, 90 N. E. 721; *Mims* v. *Jones*, 135 Ga. 541, 69 S. E. 824; 1 R. C. L. 499; Note, Ann. Cas. 1913 A, 1135.

[3, 4]  The claims now urged in support of the other grounds of the motion are the same as those relied upon at the former hearing.  So it is that the defendant is concluded by the decision then reached that the evidence was sufficient to carry the case to the jury unless the evidence pertinent to the issues at the retrial was materially different.  It is a rule of general application that a decision in a case by a court of last resort is the law of that case on the points presented throughout all the subsequent proceedings therein, and no question then necessarily involved and decided will be reconsidered by the Court in the same case on a state of facts not different in legal effect.  *Guilmont's Admr.* v. *C. V. Ry. Co.*, 82 Vt. 266, 73 Atl. 580, and cases there cited; *Mellen* v. *U. S. Health & Accident Ins. Co.*, 85 Vt. 305, 82

Atl. 4; *Ingram's Admx.* v. *Rutland R. Co.*, 89 Vt. 278, 95 Atl.
544, Ann. Cas. 1918 A, 1191; 4 C. J. 1093.  The principle is so
well established in our cases, and so firmly grounded on consid-
erations of public policy, that discussion is unnecessary.  Defend-
ant's counsel recognize the force of the rule and attempt to
escape its effect with the assertion that the case is different from
the one before the court at the former hearing; but the only
difference attempted to be pointed out is the abandonment of the
second count.  As to this feature of the case, it is not apparent
that the waiver of the second count materially affected the proof,
for the only evidence relied upon at the former trial to support
the charge of incompetency was the single act of negligence for
which the plaintiff was permitted to recover under the first count.
But be this as it may, it is not even attempted to point out any
substantial difference in the evidence pertinent to the first count;
and, being the excepting party, it is incumbent upon the defend-
ant to do this when asking the Court to reconsider a question
covered by its former decision.  It seems quite clear from a
careful reading of the testimony quoted in the defendant's brief
that it is not different in legal effect from that on which our
former decision was based.  It follows that the question of
liability is not open for consideration.  As to this the action of
the trial court in overruling the motion for a directed verdict
was controlled by the law of the case as determined by our
former decision.  We hold that the court did not err in overrul-
ing the motion for a directed verdict.

[5]   Eleven grounds of the motion to set aside the verdict
are assigned, but we need to notice only such as are the basis of
the points made in the brief.  The claims under the motion all
relate to the question of damages and challenge the verdict as
being excessive and not warranted by the evidence.  The de-
fendant recognizes the well-established rule that a motion to set
aside the verdict as against the evidence is addressed to the dis-
cretion of the trial court and that its action will not be disturbed
on review, except for abuse of discretion, or unless the verdict is
wholly unsupported by the evidence.  *French* v. *Wheldon*, 91
Vt. 64, 99 Atl. 232.

The accident occurred May 21, 1915, and as a result the
plaintiff suffered total loss of eyesight.  There was evidence
tending to show that his hearing was affected by the explosion;
that his right arm was so burned as to impair its use down to

the time of the trial; and that his nervous system was shattered so that both arms shake and he is not able to sleep normally. Plaintiff was 56 years of age at the time of the accident and had previously been strong and enjoyed good health. His weekly wage was then $15.84, which the defendant continued to pay until the bringing of this suit in April, 1916. He was obliged to employ an attendant at an expense of at least six dollars per week. The jury awarded $11,000 damages.

[6] The defendant's claim that the damages are excessive is based primarily upon the claim that the plaintiff is limited in his recovery to the maximum amount fixed for such injuries under the Workmen's Compensation Act. The argument is that, though the act did not become effective until July 1, 1915, from the date of its passage, April 1, 1915, the Legislature had provided a standard or criterion of measurement for compensation for injuries such as the plaintiff received, beyond which the jury could not lawfully go in awarding damages. The novelty of the claim is evidenced by the fact that defendant's counsel, who cannot justly be charged with want of diligence, do not support it by citation of any authority. The defendant loses sight of the fundamental differences between compensation under the Workmen's Compensation Act and the action for damages for negligent injuries. They are based upon wholly different grounds of liability. The compensation under the act is essentially like insurance against accident arising out of and in course of the employment. In consideration of the numerous benefits of the act, if he elects to avail himself of them, the employee is required to forego his common-law remedy for damages. But the limited recovery by way of compensation was not intended to restrict the damages in an action not based on the statute. If the employee elects to forego the benefits of the act, he is entitled to recover full damages in a common-law action for negligence. Moreover, this accident occurred before the act took effect, and injuries sustained prior thereto are expressly excluded from its provisions. G. L. 5773.

[7] The defendant contends that independently of the Workmen's Compensation Act the verdict was excessive and should have been set aside. The argument in support of this position is such as might properly be addressed to the trial court in support of the motion, but it fails to point out reversible error as the question must be regarded on review. It cannot be suc-

cessfully maintained that the verdict was without any support-
ing evidence, nor is it claimed that the court withheld the exer-
cise of discretion.   We are unable to agree with the defendant
that the refusal to set aside the verdict as excessive was an abuse
of discretion.   The correctness of this conclusion is confirmed by
the defendant's computation.   It is said in the brief that if the
Workmen's Compensation Act is to be disregarded the court
should have limited the recovery to $8,546.48.   This sum is ar-
rived at by taking the present worth of plaintiff's loss of wages
for 17 years, the probable length of life of a man of his age as
shown by mortality tables, and deducting the sum paid the
plaintiff as wages after the accident.   Assuming that this sum
would be the maximum amount that the plaintiff could recover
for loss of earning capacity, it would by no means cover all the
elements of damage which the jury had to consider in making
up their verdict.   Damage for pain and suffering, the damage
for delay in recovering compensation, the extra expense for care
made necessary by loss of sight, to say nothing of the damage for
the physical impairment itself, easily account for the excess of
the verdict.

The seventh ground of the motion presents the question
whether the verdict should have been set aside for want of evi-
dence of the probable length of the plaintiff's life as affecting the
length of time that he would probably suffer from his injuries,
the point being that the amount of plaintiff's damages, in the
absence of such evidence, was a matter of speculation and there-
fore the verdict should be set aside.

[8-10]   Mortality tables are generally recognized as proper
evidence in cases of this character, but we know of no case hold-
ing that they are indispensable evidence.   In fact, defendant's
counsel say that they have been unable to find a case sustaining
their contention and that the only case found where the point
was raised was decided the other way.   However, a motion to
set aside the verdict was not a proper way to challenge this want
of evidence.   Such advantage as the defendant was entitled to
on account thereof should have been taken before the verdict by
request to charge or by exception to the charge as given.   But
it is quite apparent that the jury did not go astray in determin-
ing the probable length of the plaintiff's life unaided by this evi-
dence, as is shown by the defendant's computation based on the

mortality tables; so at best any error in this regard is not shown to have been harmful.

By the four remaining grounds of the motion an attempt is made to raise a constitutional question. It is claimed that to hold the defendant liable for more than $3,250 (the maximum amount of compensation under the Workmen's Compensation Act) is to deprive the defendant of its property without due process and to deny it the equal protection of the law, in violation of Article XIV of the Amendments to the Constitution of the United States; and that a failure to set aside the verdict on the several grounds specified in the motion is in violation of the same article. The defendant contents itself with disposing of these questions by merely stating the claim that its constitutional rights ''are infringed and violated in the respects set forth if the verdict and judgment of $11,000 are allowed to stand, or if no consideration whatever is given to No. 164 of the Laws of 1915 (the Workmen's Compensation Act), or its claims in the respects indicated in its motion are not sustained.'' It is not clear that anything more is claimed than that the plaintiff's damages are fixed by the Workmen's Compensation Act. At least, the only point made with sufficient definiteness to require attention relates to that act, and that it has no application here already sufficiently appears. We fail to find that the court erred in refusing to sustain the defendant's motion to set aside the verdict.

[11]    It is said in the brief that the defendant relies upon exceptions taken to the failure of the court to charge as requested in eleven requests and to the charge as given on the subject-matter of those requests; also, that it relies upon twenty-five exceptions to the ruling of the court in the matter of the admission of evidence. None of these exceptions are briefed further than to refer us to the pages of the transcript where it is said they can be found and the point of the several exceptions ascertained. This is not such a briefing of these exceptions as brings them before us for review. *Drown* v. *N. E. Tel. & Tel. Co.*, 81 Vt. 358, 372, 70 Atl. 599; *Carleton* v. *Fairbanks,* 88 Vt. 537, 556, 93 Atl. 462; *Gordon* v. *Deavitt,* 85 Vt. 338, 81 Atl. 1128; *Hopkins, Tr.* v. *Sargent's Est.,* 88 Vt. 217, 222, 92 Atl. 14; *Drown* v. *Oderkirk,* 89 Vt. 484, 489, 96 Atl. 11; *Bixby* v. *Roscoe,* 85 Vt. 105, 113, 81 Atl. 255.

*Judgment affirmed.*