FLORENCE M. DAILEY *v.* TOWN OF LUDLOW.

October Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed November 20, 1929.

314

*Ernest E. Moore* and *Herbert G. Tupper* for the defendant.

*Raymond Trainor* and *Paul R. Dailey* for the plaintiff.

MOULTON, J. The plaintiff was assessed for taxes upon personal property by the defendant town for the year 1927. She paid the amount assessed, under protest, and brought suit to recover the sum so paid, claiming that the assessment was invalid and that she was not domiciled in the defendant town on April 1, 1927. She had a verdict and judgment in the court below, and the case is here upon the defendant's exceptions.

The first six exceptions are to the admission of certain evidence offered by the plaintiff for the purpose of showing the invalidity of the assessment upon which the taxes were based. But the error, if any, was cured because, at the close of the evidence, the trial court withdrew this issue from consideration by the jury. *Armstrong* v. *Noble*, 55 Vt. 428, 432; *Green* v. *LaClair*, 89 Vt. 346, 349, 95 Atl. 499; *De Nottbeck* v. *Chapman*, 93 Vt. 378, 379, 108 Atl. 338; *Berkley* v. *Burlington Cadillac Co., Inc.*, 97 Vt. 260, 269, 122 Atl. 665. It is urged that the court did not instruct the jury that the evidence bearing upon the issue of the invalidity of the assessment was stricken from the record. However this may be, the claimed shortage was not called to the attention of the trial court, and so no advantage is to be taken of it here. *Dailey* v. *Bond*, 94 Vt. 303, 304, 305, 111 Atl. 394.

The plaintiff offered in evidence the receipt book of the defendant town, containing the record of the receipt by it of the money in question. It was received, subject to defendant's exception, upon the grounds that the best evidence of the payment would be the tax receipt delivered to the plaintiff; and that the book did not show the various items included in the payment, which would all appear in the receipt. Here again, if there was error, it was harmless, because, later on, the defendant introduced the original tax receipt in evidence. *Resi-*

*dents of Royalton* v. *C. V. Ry. Co.*, 100 Vt. 443, 450, 138 Atl. 782; *Mears* v. *Daniels*, 84 Vt. 91, 96, 97, 78 Atl. 737; *People's Nat. Bank* v. *Brunelle*, 101 Vt. 42, 47, 140 Atl. 160; *State* v. *Tubbs*, 101 Vt. 5, 18, 139 Atl. 769.

■ The issue upon which the case went to the jury was whether the plaintiff was domiciled in the defendant town on April 1, 1927. She claimed, and her evidence tended to show, that she ceased to reside there in October, 1926. She was asked in direct examination: ''At times before October, 1926, when you have registered your name at hotels, how have you registered?''

Subject to exception, that this was not the best evidence, she answered: ''I have registered 'Ludlow, Vermont,' or 'Rochester, New York.' ''

It is argued that no foundation was laid for the receipt of secondary evidence and that parol evidence of the contents of the hotel registers was therefore inadmissible under the rule stated in *In re Chisholm's Will*, 93 Vt. 453, 455, 108 Atl. 393. But the question related to the period before October, 1926, when the plaintiff's residence was not in question. Her method of registration in hotels during that time was entirely immaterial to the issue on trial. If the ruling was error, it is impossible to see how the rights of the defendant could, under the circumstances, have been injuriously affected by it. *Parker* v. *Roberts*, 99 Vt. 219, 225, 131 Atl. 21, 49 A. L. R. 1382; *Berkley* v. *Burlington Cadillac Co., Inc., supra,* and cases cited.

■ Later on in her direct examination the plaintiff testified without objection that since October, 1926, and prior to September 16, 1927, she always registered her address as ''Rochester, New York, the Sagamore.'' To meet this testimony, the defendant offered three sheets from the register of the Okemo Tavern, in Ludlow, upon each of which the name of the plaintiff appeared, but no adddress or residence. Subject to defendant's exception they were excluded, and rightly so, because the date in each instance was subsequent to September 16, 1927, and they had no tendency to meet or rebut the testimony already given.

■ The plaintiff was permitted to show, subject to exception by defendant, that in 1928 she paid an income tax to the State of New York for the year 1927. All that the defendant says in its brief concerning this exception is that the ruling was

clearly error and that "to permit the showing of this voluntary act, which took place after the controversy arose, was highly prejudicial." No authorities are cited; no grounds are stated, nor is the point supported by argument. This is inadequate briefing, and the question is not for consideration. *Gordon* v. *Deavitt*, 85 Vt. 338, 340, 81 Atl. 1128; *Hopkins* v. *Sargent's Estate*, 88 Vt. 217, 222, 92 Atl. 14; *Bean* v. *Colton*, 99 Vt. 45, 47, 130 Atl. 580; *McAllister* v. *Benjamin*, 96 Vt. 475, 497, 121 Atl. 263; *Manchester Marble Co.* v. *Rutland R. R. Co.*, 100 Vt. 232, 242, 136 Atl. 394, 15 A. L. R. 628.

The court instructed the jury that the verdict, if for the plaintiff, should be for the sum of $2,105.63, with interest. The defendant excepted, and now claims that since this amount included the town school district tax and the village corporation tax, collected by the defendant town as agent and not for its own use, the instruction was erroneous, the plaintiff being, at most, entitled only to recover the town taxes.

The following appears from the transcript: Counsel for defendant excepted "to the computation of the tax wherein the court says that if the plaintiff is entitled to recover, she is entitled to recover the sum of $2,104.63 (sic)." The court then asked: "Do you question that computation for the reason the village tax and the district tax are not excluded therefrom?" and counsel answered: "I don't claim your Honor's figures are wrong."

This exception did not reasonably indicate to the court the fault found with its ruling, and so is not appropriate to raise the question here. *Higgins, Admr.* v. *Metzger*, 101 Vt. 285, 296, 143 Atl. 394; *Robinson* v. *Leonard*, 100 Vt. 1, 134 Atl. 706; *Eastern States, etc., League* v. *Estate of Vail*, 97 Vt. 495, 514, 124 Atl. 568, 38 A. L. R. 845; *Morgan* v. *Gould*, 96 Vt. 275, 279, 119 Atl. 517.

Other exceptions to the failure to comply with certain requests for instructions are said to raise the same question, but they are clearly too general to require attention, being simply "to the failure of the court to charge as requested." *Goodwin* v. *Barre Savings Bank*, 91 Vt. 228, 234, 100 Atl. 34; *Usher* v. *Severance*, 86 Vt. 523, 528, 86 Atl. 741.

It appeared that the plaintiff left Ludlow on October 30, 1926, and went to Rochester, New York, with the intent of making that place her permanent home. She closed her house

in Ludlow (which she had inherited from her parents) and left the furniture stored in it, but took with her certain articles of sentimental value. At Rochester, she took an apartment at the ''Sagamore,'' an apartment hotel, registering her address as Rochester. On November 23 she went to New York City to study and attend a course of lectures. When she went, she gave up her apartment at the ''Sagamore,'' and packed in boxes the belongings which she had brought from Ludlow and stored them in the hotel. At the ''Roosevelt,'' where she stayed in New York, she registered her address as Rochester, and in engaging a safe deposit box there, gave her permanent mailing address as ''The Sagamore, Rochester, New York.'' She remained in New York City until May 26, 1927, when she went to Ludlow, and opened her house for the summer. In the fall of that year she returned to the Sagamore at Rochester, although she did not occupy the same apartment as she had previously done.

The defendant excepted to the charge of the court because the jury were not told that, after the plaintiff went to New York, in order for her domicile in Rochester to continue, she must have had some place in that city to which she was entitled to return, as a matter of right and claimed that she did not have such a place since she had given up her apartment.

But the question here is whether or not she was domiciled at Ludlow on April 1, 1927. If she became domiciled at Rochester on or about October 30, 1926, her domicile in Ludlow was terminated; and even if she later abandoned her domicile in Rochester when she went to New York City her domicile in Ludlow would not be thereby revived, nothing more appearing.

 The acquirement of a new domicile involves a change of residence, with an intention to make the new location a permanent home. *Wilbur* v. *Calais,* 90 Vt. 335, 338, 98 Atl. 913; *Glover* v. *Greensboro,* 92 Vt. 34, 37, 101 Atl. 1016; *Anderson* v. *Estate of Anderson,* 42 Vt. 350, 352, 353, 1 A. R. 334. In the absence of statutory requirement (and there is none applicable to the case before us) no certain or definite duration of residence is requisite to accomplish the acquisition of a new domicile. *Harrison* v. *Harrison,* 117 Md. 607, 84 Atl. 57, 60; *Vischer* v. *Vischer,* 12 Barb. (N. Y.) 640, 643. A change of residence even for a short time with the intention in good faith to change the domicile has that effect. *In re Newcomb's Estate,*

318

192 N. Y. 238, 84 N. E. 950, 954; *Price* v. *Price*, 156 Pa. 617, 27 Atl. 291, 293; *McDaniel* v. *King*, 5 Cush. (Mass.) 469, 475; *White* v. *Tennant*, 31 W. Va. 790, 8 S. E. 596, 597, 13 A. S. R. 896. Indeed, it has been said that a day or an hour will suffice for the acquisition of a domicile. *Winans* v. *Winans*, 205 Mass. 388, 31 N. E. 394, 396, 28 L. R. A. (N. S.) 992; *Inhabitants of Stockton* v. *Staples*, 66 Me. 197, 198; *Littlefield* v. *Inhabitants of Brooks*, 50 Me. 475, 478; *White* v. *Tennant, supra.*

Therefore when the trial court instructed the jury as to the elements necessary to constitute a change of domicile, as it did in a manner clearly applicable to the situation presented by the evidence, it was not necessary because it would have been immaterial further to charge as to what might be requisite to retain the new domicile after it had been once acquired. This exception is not sustained.

*Judgment affirmed.*