WILLIAM M. OSGOOD *v.* WILLIAM E. BROWN.

February Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed May 4, 1937.

*W. C. Lindsay* for the petitioner.

*Hubert S. Pierce* for the petitionee.

SLACK, J. In December, 1930, Brown brought suit against Osgood to foreclose a real estate mortgage. Osgood appeared and such proceedings were had that findings of fact by the chancellor were filed April 11, 1931. By written consent of the parties, supplemental findings were filed May 11, 1931, which showed that Brown had received $800, the insurance on the house on said premises that burned shortly before such suit was commenced, which was to be applied on the mortgage debt. It was found, too, that the premises were inadequate security for such debt. On May 12, 1931, a decree was entered for Brown, with a short time of redemption, from which Osgood appealed. The only questions he sought to have reviewed were raised by exceptions taken to the rulings of the chancellor on the hearing before him. But, since no bill of exceptions was signed and filed as required by statute, G. L. 1511, 2258 (P. L. 1269, 2068) ; *Stevens* v. *Flanders,* 103 Vt. 434, 151 Atl. 673, and cases cited, his appeal availed him nothing, and the decree was affirmed and cause remanded, with directions that a new time of redemption be fixed. See *Brown* v. *Osgood,* 104 Vt. 87, 156 Atl. 876. Under the time of redemption so fixed, the decree became absolute November 18, 1931, whereupon Brown took possession of the premises. When the appeal was taken, Osgood was ordered to, and did, file a bond to secure the payment of intervening damages and costs occasioned thereby. On May 21, 1934, a hearing was had before the chancellor to ascertain the amount of such damages and costs. Osgood appeared by his solicitor, and moved to "abate" the hearing on the ground that there was nothing due Brown on the mortgage debt at the time the decree of foreclosure was rendered. The motion was overruled, subject to Osgood's exception ; the amount of the damages and costs were determined and a decree therefor was entered for Brown from which Osgood appealed. This was the first time, as far as

appears, that the proper application of the insurance money by Brown had been questioned. The disposition of it by this Court appears in 107 Vermont at page 407, 180 Atl. 888, where it is said: "The real question which the defendant [Osgood] sought to raise before the chancellor, and the one he seeks to have passed upon here, is this one regarding the proper disposition of this insurance money. But that question, both in its legal and factual aspects, was covered by the decree referred to [the decree of foreclosure], and was made conclusive when the decree was affirmed by this Court. With that decree in full force and effect, there was no defense to the claim for intervening damages and costs. The amount due in equity, a question of fact, and the proper disposition of the $800, a question of law, were conclusively established by the former decree." And it was held that the question regarding the disposition of the insurance money was neither before the chancellor nor before us, and at the October term, 1935, of this Court, the decree was affirmed and the cause remanded.

■ The petition in the instant case, which was served on Brown July 1, 1936, sets forth at length Osgood's claimed agreements with Brown respecting the mortgage debt; denies that there was anything due Brown thereon at the time the decree of foreclosure was rendered, because of his receipt of the insurance money and certain concessions made by him; denies that Brown was entitled to a decree; asserts that he, Osgood, was put to great damages and costs in defending that suit, and was further damaged by being enjoined by Brown from cutting and removing wood and timber from the mortgaged premises, and prays that Brown be ordered by the chancellor to deliver the premises to him, Osgood, in accordance with the mortgage contract and decree, forthwith; that an accounting be had to determine the amount due him from Brown, and for his costs and for general relief. Brown moved to dismiss this petition on the grounds that the matters therein set forth were fully adjudicated in the former suit; that the petition does not seek a new trial or raise any new issues, and that the court was without jurisdiction because of the decree in the former case. The motion was granted subject to Osgood's exception. Whether these questions were properly raised by such motion is not considered, since no claim is made that they were not.

It is perfectly apparent from the petition that the sole purpose thereof is to get a rehearing on questions that were, or should have been, heard and determined in the former suit. A careful examination of the complete record and briefs, not only in this case but in the former one, satisfies us that there is no justification for this. In the circumstances, the granting of the motion to dismiss must be sustained.

 Osgood claims that the present proceedings are based on P. L. 1331. Obviously he misapprehends the purpose and scope of that statute. *Hooker, Corser & Mitchell Co.* v. *Hooker et al.*, 89 Vt. 383, 386, 95 Atl. 649; *Sheldon* v. *Clemmons*, 82 Vt. 169, 72 Atl. 687. Moreover, these proceedings do not come within the letter or spirit of that statute. This petition is in no sense a petition to the court of chancery or a chancellor for leave to amend the exceptions or the pleadings in the former suit, to which the statute alone applies, but is a new and independent suit praying that Brown be ordered to deliver the mortgaged premises to plaintiff, and that, too, irrespective of the outstanding decree in the former suit. Neither the statute in question, nor any that we are aware of, furnishes any authority for these proceedings, in the circumstances.

*Decree dismissing the petition affirmed and cause remanded.*