CARL S. HOPKINS, TRUSTEE *v.* JOHN P. SARGENT'S ESTATE.

Special Term at Brattleboro, February, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed May 6, 1916.

*Harmless   Error—Evidence—Competency—Impeaching   Evidence—Declarations Against Interest—Decedents.*

Error in excluding testimony as to facts shown by the undisputed testimony of another witness was harmless.

In an action against a decedent's estate a certified copy of his will was inadmissible in support of the claim that designated persons, who were not called as witnesses, were the sole beneficiaries under the will, and that as such had a purpose and motive in concealing a tin trunk belonging to the decedent, for any purpose or motive they may have had in concealing the trunk could not be impeaching evidence, nor admissible against defendant estate on any other ground, since neither deceased nor his estate is responsible for the acts of persons, not shown to be his agents, committed after

his death and without the instigation or consent of any one legally in charge of the estate.

The statement of a testator, after hearing his wife's will read, by which he was given a life estate in a residue, made to the remainderman, "It is all yours, Walter," must have had reference to the property given by the will, had no tendency to show what property constituted the estate, and so was not admissible against his estate as a statement against interest showing that two mortgages previously assigned to him by his wife formed a part of her estate.

Neither was it admissible to be considered in connection with other declarations, made by the testator during his wife's last illness and subsequent to the assignment of the mortgages, that she never gave him any of her property, since it made no reference to the former declarations, had no connection with them, and was made to a different person having no knowledge of the previous declarations.

APPEAL from the disallowance by the commissioners on the estate of John P. Sargent of a claim presented by Carl S. Hopkins, as trustee of Walter Bartlett and Lizzie Bartlett. Declaration in special assumpsit. Plea, the general issue. Trial by jury. Verdict and judgment for the defendant. The plaintiff excepted. This case has been once before in the Supreme Court, when the plaintiff prevailed below. See 88 Vt. 217.

*Barber & Barber* for the plaintiff.

*A. P. Carpenter, Charles S. Chase* and *William R. Daley* for the defendant.

WATSON, J. This case was here before as reported in 88th Vt. 217, 92 Atl. 14.

The plaintiff offered to show by his witness, a Mr. Stockwell, that Mr. Sargent in his lifetime possessed a certain tin box or tin trunk in which he kept all his valuable papers; further, that this tin box or tin trunk has not been produced by the defendants. On objection being made, the offer was excluded and exception saved. We may assume that this offered testimony was, in character, relevant, and yet the plaintiff was not harmed by the ruling; for he showed by the executor of

Sargent's will, that Sargent in his lifetime did possess such a tin box or trunk; that Sargent instructed him to secure the possession of it immediately in the event of his decease; that the tin trunk never came into the possession of the executor, and was not produced during the progress of the trial; that the executor made demand upon Mr. and Mrs. Heywood for the tin trunk, but it was never turned over to him. The record does not show that any of this testimony given by the executor was disputed.

It appeared in evidence that W. H. Heywood and his wife, Jeanette Heywood, with their children, resided in the home of John P. Sargent for a considerable time previous to his death, and were so residing at that time; that the goods and effects of Sargent came into the possession of Heywood and wife, and were retained by them about a month after the appointment of the executor of Sargent's will, and for a considerable length of time after the executor made demand upon them for the same. Neither Heywood nor his wife was produced as a witness by either side, and neither of them testified in the case.

The plaintiff claimed that the Heywoods or Mrs. Heywood and their children were the sole beneficiaries under Sargent's will, and that as such they had a purpose and motive in concealing the tin trunk and its contents. In connection with this claim, the plaintiff offered a certified copy of Sargent's will with the probate thereof. The offer was excluded subject to exception under the above claim. There was no error in this ruling. The Heywoods are in no sense parties to this suit; and as neither Mr. nor Mrs. Heywood was called as a witness, any purpose or motive they may have had in concealing the tin trunk, if they did conceal it, was not admissible as impeaching evidence; nor was it admissible against the defendant estate on any other ground, for John P. Sargent was not, and his estate is not, responsible for such acts of the Heywoods, committed as they were, if at all, after the death of Sargent, and without the instigation or consent of anyone legally in charge of his estate. No relation of agency in that respect was shown to exist.

Frances A. Elliott, a witness called by the plaintiff, testified that as nurse she cared for Mrs. Sargent during her last illness; that she had conversation with Mr. Sargent on occasions subsequent to the assignment to him of the mortgages in question, in which he stated in substance that his wife had never given him

any of her property. The witness further testified to being present in the Sargent home immediately after Mrs. Sargent's funeral, there being present also Walter and Lizzie Bartlett and Mr. Sargent; that Mr. Sargent went into an adjoining room and brought and handed to the witness the will of Mrs. Sargent, requesting her to read it. In this connection the witness was asked whether she heard Mr. Sargent say anything at that time about the matter, and if so to state. She answered, "After reading the will I folded it and handed it to him, and he took it and started to go immediately out, and says, 'It is all yours, Walter.'" (Speaking to Walter Bartlett.) On motion of the defendant, this answer of the witness was stricken from the record, subject to the seasonable objection and exception of the plaintiff.

By the third clause of Mrs. Sargent's will,—no other part of the will was deemed material to bring before us,—she gave to her husband "the use, interest, and income and rents of all the rest and residue of" her estate, "personal and real," and so much of the principal as he might require to provide him with comfortable care and maintenance. And at his decease, the interest, income and rents of any residue or remainder of the estate, is given to Walter and Lizzie Crosier Bartlett, his wife, or the survivor of them, until he arrives at a certain age, when they take the principal.

The two mortgages for the avails of which the plaintiff seeks to recover, were assigned by Mrs. Sargent to her husband on September 28, 1898, by two separate assignments in writing, executed by her in due form, and recorded, the consideration stated in each being the same as the face of the mortgage, $500. Two weeks and one day later, Mrs. Sargent executed her will, and two days still later she died. Under the will the plaintiff was appointed trustee of the Bartletts. The plaintiff claimed and his evidence tended to show that these assignments were made for the purpose of enabling John P. to collect the avails of the two mortgages, and that he held the avails thereof for the Bartletts under the will, and was so holding them at the time of his decease. The defendant claimed and its evidence tended to show that the assignments were valid, "for a valuable consideration," and that thereby the legal title to the mortgages vested in John P., and that thenceforth they were his property.

If the two mortgages became the property of John P. at the time of their assignment to him, as defendant's evidence tended to show, then they were no part of his wife's estate when she executed her will, nor afterwards. She did not, by her will, undertake to dispose of any property not her own, nor did the will, so far as the record shows, specify the nature of her property more definitely than "personal and real." The statement by John P., after her funeral and immediately after hearing the will read, "It is all yours, Walter," clearly had reference to the property given by the will which he had just heard read, and to nothing else. It had no tendency to show what property constituted the estate, nor that the two mortgages in question formed any part of it. The statement, therefore, can not be said to have been against the interest of John P. when he made it; nor can it be said to be inconsistent with the claimed ownership of the mortgages, by his estate, by virtue of the assignments. It is urged, however, that this statement by John P. was admissible when taken in connection with the evidence previously given by the witness, showing declarations by him subsequently to the assignments of the mortgages and before his wife's death, in substance that his wife never gave him any of her property. But the declaration made upon hearing the will read after the funeral, made no reference to, and had no connection with, the aforementioned declarations made during her illness, and it was to a different person (upon the record) having no knowledge of the previous declarations to the witness. We know of no principle of law upon which the admissibility of the declaration stricken out was aided by the earlier declarations mentioned, and there was no error in the ruling.

*Judgment affirmed. To be certified to probate court.*