HIRAM D. BARTLOW *et al*. Appellees, *vs*. THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1909—Rehearing denied Feb. 4, 1910.*

1. TRIAL—*a party must urge at the trial all objections to evidence which may be obviated.* A party cannot sit by and permit evidence to be introduced without objection and on appeal urge an objection that might have been obviated if made at the trial.

2. EMINENT DOMAIN—*under act of 1852 compensation was for entire title.* Under the act of 1852 the assessment of damages in a condemnation proceeding was held to be in satisfaction of all the title to the property, including the fee simple and all lesser estates, and in case there was a life estate the fund was subject to the control of a court of equity, which might provide for the security of the principal to the remainder-men and the payment of interest to the life tenant.

3. SAME—*rights of minor remainder-men not barred by payment of compensation to life tenant.* Under the act of 1852 the fact that the widow had a life estate in the land condemned, the remainder in which was in the minor children, did not authorize the petitioner to pay the entire compensation to the widow without securing the payment of the principal to the remainder-men at her death, and payment of such compensation to the widow did not bar the rights of the remainder-men.

4. LIMITATIONS—*when rights of remainder-men are not barred by railroad company's possession.* Where land in which the widow had a life estate, with remainder to her minor children, was condemned under the act of 1852 for railroad right of way, payment of the compensation to the widow entitled the petitioner to possession of the right of way during the widow's lifetime, and the Statute of Limitations did not begin to run against the remainder-men until the widow's death.

5. PLEADING—*effect where an admission is stricken from unsworn bill.* Where an admission contained in an unsworn original bill is stricken out it is not conclusive against the complainant after the amendment is made, but it remains as evidence against the complainant, to be considered with all the other evidence.

COOKE, CARTWRIGHT and HAND, JJ., dissenting.

APPEAL from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding.

SWEENEY & WALKER, (J. A. CONNELL, of counsel,) for appellant.

SPRINGER & BUCKLEY, and C. W. LEVERETT, (ROY A. NUTT, guardian *ad litem,*) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellees filed a bill for the partition of eighty acres of land in Madison county across which the appellant has for many years maintained a railroad track. The appellant was made a defendant to the bill under the allegation that it claimed an interest in the land, though it had none in fact. It answered, setting up its claim to a right of way across the premises, and the cause went to a decree, in which it was adjudged that appellant had no title or claim to a right of way, it was barred from setting up or asserting any right, title, claim or interest in said land, and was given such reasonable time as the court might fix upon the coming in of the report of the commissioners to make partition within which to remove its improvements from the right of way, or to make compensation for such right of way by agreeing upon the compensation to be paid to the owners, or by instituting condemnation proceedings therefor. There is no controversy between the owners of the fee. The questions arising concern only the interest of the appellant.

The title to the land was in Cornelius Bartlow, who died in 1867, leaving a widow and five minor children, and a will, whereby he devised the land to the widow for life, directed that it should not be sold until his youngest son should become twenty-one years old, and made no further disposition of it. The widow died July 16, 1908, and this bill was filed by a part of the heirs and their representatives, making the others defendants. The appellant's claim is under condemnation proceedings begun in the circuit

court of Madison county on February 21, 1870, for the purpose of acquiring this right of way.

It is insisted by the appellant that the appellees failed to show title in themselves because they failed to prove that Cornelius Bartlow left a valid will or that his will was admitted to probate. When appellee Hiram D. Bartlow was on the witness stand the original will was offered in evidence and was objected to as not properly proved. This objection should have been sustained. Later, however, the record of the will contained in the records of wills of Madison county was introduced in evidence without objection. The statute provides that every will, when admitted to probate, shall, together with the probate thereof, be recorded by the clerk in a book to be provided by him for that purpose. A will is not entitled to record until admitted to probate, and if appellant had made an objection to the introduction of the will without the probate, doubtless the record of the probate would have been offered also. A party cannot sit by and permit evidence to be introduced without objection, and upon appeal urge an objection which might have been obviated if made at the trial.

The appellant, by a series of *mesne* conveyances, has succeeded to the rights of the Rockford, Rock Island and St. Louis Railroad Company, which first took possession of the right of way in question and which instituted the condemnation proceedings in 1870 to acquire title thereto. Those proceedings were under the act of June 22, 1852. (Gross' Stat. 1869, p. 660.) The record was introduced in evidence, but the files were all missing, except the notices, with the proof of service thereof. These were regular, but there is no record of the petition or the report of the commissioners, though the record shows that a report was filed and approved. It is argued that the evidence does not sustain the appellees' averment and the court's finding that the appellant has no interest in the land. So far as appears the proceedings were in conformity with the stat-

ute. Section 7 of the act provides that the title to that part of each tract for which no compensation is allowed or damages assessed shall vest at once, on the approval of the report, in the corporation in whose behalf the proceeding is had, and the title to that part of each tract in respect to which compensation is allowed or damages assessed shall vest in the corporation on payment of the compensation or damages so fixed or assessed. The evidence shows that at the time the railroad was built the attorney of the Rockford, Rock Island and St. Louis Railroad Company called upon Mrs. Bartlow, the widow, to get the right of way. Afterward he came back and told her condemnation proceedings had been begun and that he would come around and settle with her for the right of way through the place. Before he came the contractor began grading on the land, and Mrs. Bartlow stopped him until the attorney came to settle with her and paid her. The natural inference is that the condemnation proceedings had resulted in the allowance of compensation for the land and that the amount allowed was paid to Mrs. Bartlow. Such payment was not effectual to vest in the railroad company the title of her children. They were minors, and the statute directed that payment in such case should be made to the guardian, or if there were none, to the clerk of the court. She was a life tenant and was interested in the amount allowed, but her interest was not a joint interest with her children and a payment to her was not a payment to them.

It is contended that as Mrs. Bartlow had a life estate in the whole of the land she was entitled to the exclusive use of the compensation during her life, and the payment to her was for that reason sufficient. While she had a life estate her children had the remainder, and if there was any authority at all for making payment to her, the principal of the compensation allowed should have been secured to the children after her death, before it was paid over to her. There was no authority for paying the compensation

to her absolutely because it was more convenient to disregard the rights of her children than to protect them. Their title would not be vested in the corporation by payment to another person of the compensation allowed for it. Under the statute then in force, when property was taken and condemned for public use the condemnation was of the entire property, and the assessment of damages was held to be in satisfaction of all the title to the property, including the fee simple and all lesser estates. Those holding different estates in the property were left to divide the money paid as compensation for the land thus appropriated to public use, according to their several interests or estates. The fund took the place of the land and became liable to precisely the same burdens as it was under while it was land. Since it was not subject to allotment like land, it was subject to the control of a court of equity, which might, in case of the existence of a life estate, require the payment of the interest to the life tenant during life, providing for the ample security of the principal and the payment of the interest to the life tenant during the existence of the life estate and for the payment of the principal to the remainder-man after the termination of the life estate. (*Bonner v. Peterson,* 44 Ill. 253.) In this case the remainder-men were infants, incapable of agreeing upon a division of the compensation, and if the railroad company had desired to make payment of the compensation due to them, it should have taken such proceedings as would have enabled it to make payment to a person authorized to receive it. The payment to the life tenant was of no effect as to the remainder-men.

The original bill stated that "by virtue of certain condemnation proceedings in the circuit court of the county of Madison, in the State of Illinois, the Rockford, Rock Island and St. Louis Railroad Company acquired certain rights and interests in said real estate, or a part thereof, for a right of way over, across and upon the same, and

are now in possession of the same." The bill was not sworn to, and by leave of the court was amended by striking out the above allegation and adding the averment that "the Chicago, Burlington and Quincy Railroad Company claim some right, title or interest in said real estate, in possession or otherwise, but in fact have no interest or claim therein, in possession or otherwise." It is argued that the allegation in the original bill is an admission of the acquisition by appellant's predecessor of the entire title to the right of way; that it still stands as an admitted fact in the case and is binding upon appellees. The amendment of the bill withdrew the admission from the pleadings and made the issue to be tried on the allegations of the bill as amended. The original bill constituted an admission of the complainants and was competent evidence against them of the facts admitted. It was not, however, conclusive on them after the amendment of the bill striking out the admission, but remained as evidence to be considered with all the other evidence on the subject.

The appellant relies upon the statutes of limitation of twenty years and of seven years. Under the will of Cornelius Bartlow his widow had a life estate in the land. The condemnation proceeding and the payment to her vested in the railroad company the right of way as against her, and the company thereby acquired the right to the possession of the right of way during her life. She died but a few months before the bill was filed. Until her death the appellees had no right to the possession of the premises and could not maintain an action therefor. The statutes of limitation therefore did not run against them. *Chicago, Peoria and St. Louis Railway Co.* v. *Vaughn,* 206 Ill. 234; *Weigel* v. *Green,* 218 id. 227; *Schroeder* v. *Bozarth,* 224 id. 310.

The decree of the circuit court will be affirmed.

*Decree affirmed.*

COOKE, CARTWRIGHT and HAND, JJ., dissenting:

The condemnation proceedings instituted by the Rockford, Rock Island and St. Louis Railroad Company, to whose rights the appellant has succeeded, was a suit at law. While many of the files in this case were missing and the record of the court as introduced by the appellee was incomplete, it appears sufficiently that the matter proceeded to a final determination and that damages were assessed. Mrs. Bartlow had a life estate in the land condemned, with remainder to her children, all of them at that time minors. The court in which the condemnation proceedings were prosecuted being a law court, it had no power or jurisdiction to make any division of the damages awarded among the parties in interest or to exercise any control whatever over that fund except to adjudge its payment for the land sought to be taken. The method of controlling that fund, and the rights of the several parties in respect to it, could be determined only in a court of equity. The petitioner in the condemnation suit was under no obligation whatever to institute any further proceeding to have the equitable rights of the parties determined. That is a burden which the law does not impose upon it. The fund constituted by the damages awarded took the place of the land. Mrs. Bartlow had a life estate in the land and was entitled to the use of this fund during her lifetime. The legal title to the fund was in her, and every obligation of the petitioner in the condemnation suit was fulfilled upon the payment of the money to her.

Had there been no proof of payment to the widow we think this decree should be reversed for a further reason. It does not appear that the whole of the record of the circuit court in the condemnation proceeding was introduced in evidence in this cause. It appears from that part of the record which is in evidence that the report of the commissioners appointed to assess the damages was filed and approved. Under the statute then in force it thereupon

became the duty of the court to enter judgment on the report, adjudging the petitioner to pay the damages awarded to the defendants. In the absence of proof to the contrary it must be presumed this judgment was entered. The petitioner company immediately took possession of the land condemned, constructed its railroad upon it, and it and its grantees have been in the continuous possession of it ever since, using it as a railroad right of way. This court held in *Chicago and Northwestern Railway Co.* v. *Galt,* 133 Ill. 657, that the judgment in a condemnation proceeding is not such a debt or judgment as may be collected by execution unless possession is taken of the property condemned; that after acceptance and possession taken, the judgment becomes absolute and bears interest, and that upon the lapse of twenty years after possession taken, payment of the judgment might be presumed. The youngest child of Cornelius Bartlow arrived at the age of his majority September 11, 1886. When this judgment became absolute against the petitioner it constituted a valid claim in favor of the owners of the land, which could have been enforced in apt time by appropriate action. As more than twenty years have elapsed since the youngest child became of age, this judgment must be presumed to have been paid and fully discharged.

That part of the decree which adjudged that appellant had no title or claim to a right of way over the lands sought to be partitioned; that it was barred from asserting any interest in said lands, and providing for the fixing of a time within which it should remove its improvements from the right of way or make compensation for such right of way by agreeing with the owners or instituting condemnation proceedings, should, in our opinion, be reversed and the cause remanded to the circuit court, with directions to enter a decree that the title to the right of way in question is in appellant.