## ATWATER v. NORTH AMERICAN COAL CORPORATION et al.

District Court, S. D. New York.

Nov. 19, 1940.

Henry S. Miller, of New York City, for plaintiff.

Hodges, Reavis, Pantaleoni & Downey, of New York City (C. Frank Reavis and Martin D. Jacobs, both of New York City, of counsel), for defendants.

CONGER, District Judge.

This is a motion by the defendant corporation (1) to dismiss the first count of the second amended complaint on the ground that it fails to state a claim on which relief can be granted; (2) to dismiss the second, third and fourth counts on the same ground and on the further ground that the Estate of Frank E. Taplin, deceased, is an indispensable party without which the court cannot proceed to judgment.

Defendants Edith S. Taplin and Otto C. Larsen, as successor trustees, move to dismiss counts two and three of the second amended complaint and present the same objections thereto as urged by the defendant corporation, and further ask that the plaintiff comply with the order of Judge Clancy hereto made with respect to the first amended complaint.

The facts alleged in the second amended complaint are as follows: Sometime prior to 1925, Frank E. Taplin, who died on June 7, 1938, created trusts in favor of himself and others. He, himself, was one of the trustees of the trusts, and he transferred large sums of money to them. The trustees had unrestricted control of the trust estates and allegedly the trusts participated in stock syndicates and were operated like personal investment companies of the settlor.

Taplin was also president of defendant, North American Coal Company, whose stock was entirely owned by the trusts, and

by Taplin and his family. In 1929, Taplin, as trustee, and North American Coal Company founded a "Railway Syndicate" for the purpose of buying and selling the stock of an undisclosed railroad. Taplin was sole manager of the syndicate, and he induced various persons, including plaintiff, to participate in the syndicate by subscribing sums of money for participating shares. Allegedly plaintiff subscribed her money in reliance upon false representations made by Taplin with respect to the purpose of the syndicate.

Allegedly no part of the money subscribed to the syndicate was used for the purchase of stock, but rather was turned over by Taplin to the trusts and to North American Coal Company. The money was then used by the trusts and the coal company to purchase the stock of Pittsburgh Coal Company, which was taken in the name of the syndicate.

In February, 1937, Taplin proceeded to dissolve the syndicate and he then informed plaintiff that its assets consisted of stock in Pittsburgh Coal Company rather than railroad stock. Assertedly all members of the syndicate, excepting plaintiff, have settled their claims. Taplin has died and his estate, which is insolvent, is being administered in Ohio. It is alleged that defendant, North American Coal Company, at all times had knowledge of all these facts and that by reason of Taplin's false representations, the making of which all the defendants caused, plaintiff has lost her investment of some $53,574.05.

These are the facts alleged in the first cause of action in which plaintiff seeks a judgment solely against defendant, North American Coal Company.

The second count reiterates all these facts, and in addition alleges that the individual defendants, who are joined in the action as successor trustees of the trusts set up by Frank E. Taplin, and the corporate defendant have profited by the operation of the "Railway Syndicate", and are therefore indebted to plaintiff for her share of the gains. The third count adds as an additional element the general allegation that plaintiff was induced to part with her money by "the said fraudulent acts and conduct of the defendant", which money was turned over by Taplin to the trusts and the defendant corporation.

The fourth cause of action repeats the facts and adds the additional charge that Taplin, as syndicate manager, was negligent in that he purchased the stock of the Pittsburgh Coal Company on margin and then failed to sell the stock when a profit could have been realized. Allegedly the purchases on margin were made at the direction of defendant corporation and the fourth count seeks recovery only against it.

The complaint is an excellent example of the confused type of pleading which the Federal Rules of Civil Procedure sought to avoid. Plaintiff, who thus far has had three opportunities to state the facts of her case, has persisted in the idea that she must adopt a theory of action in her pleading, despite the views set forth in the concurring opinion of Judge Clark, in an appeal from a decision upon a previous motion in this case. See Atwater v. North American Coal Corporation, 2 Cir., 111 F.2d 125.

Plaintiff must depend upon facts, not theories, for her relief. Atwater v. North American Coal Corp., supra; Rosenblum v. Dingfelder, 2 Cir., 111 F.2d 406; Rule 54(c) Federal Rules Civil Procedure 28 U.S.C.A. following section 723c. So far as I can determine, the only facts pleaded which would, if proved, entitle her to relief, are those contained in the first count to the effect that she was deprived of her investment by the fraudulent representations of Taplin, caused by and made with the knowledge of the defendant corporation. Even these allegations are conclusions in nature, but they are sufficient, I think, to save the complaint from dismissal. A corporation can be liable for fraud (Cragie v. Hadley, 99 N.Y. 131, 1 N.E. 537; Breyfogle v. Walsh, 7 Cir., 80 F. 172) and defendant's objections that the activities which the first cause of action charges to the corporation are ultra vires, must be made by way of defense. Continental Securities Co. v. New York Central, etc., Co. 217 N.Y. 119, 111 N.E. 484.

No cause of action, however, has been stated against the individual defendants, as successor trustees of the trusts created by Taplin, and who are made parties defendant to the second and third causes of action. The syndicate manager, Taplin, or his estate, is an indispensable party to any proceeding which seeks to charge the syndicate manager's alleged transferees (here the trust estates) with gains allegedly obtained by means of the syndicate manager's unlawful acts. Cherry v. Howell, 2 Cir., 66 F.2d 713; Backer v.

Levy, 2 Cir., 82 F.2d 270; Roos v. Texas Co., 2 Cir., 23 F.2d 171. A judgment or a decree against the trust estates (Taplin's transferees) could be obtained only after there had been a finding that Taplin's acts made him liable to plaintiff. Such a finding cannot be made by the court until process has been served upon a person capable of representing Taplin.

I shall, therefore, grant the motion made by the defendant trustees, and deny the motion made by the defendant corporation insofar as it relates to the first cause of action. The corporation's motion will be granted with respect to the second, third, and fourth counts, as they do not state facts which, if proved, would make the corporation liable.

In view of this disposition of the motion, and in order to have before the court a complaint which more nearly conforms to that required by the Federal Rules of Civil Procedure, I shall also order a new complaint against the defendant corporation. Settle order on notice.