### KANSAS CITY, ST. L. & C. R. CO. v. ALTON R. CO.

#### No. 7761.

Circuit Court of Appeals, Seventh Circuit.

Dec. 18, 1941.

Clyde E. Shorey, Robert W. Schupp, and John E. Gavin, all of Chicago, Ill., and Watson Washburn, of New York City, for appellant.

Silas H. Strawn and Frank H. Towner, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The complaint in substance alleged that in 1878 the Chicago and Alton Railroad Company entered into an agreement with the appellant, Kansas City, St. Louis and Chicago Railroad Company (hereinafter referred to as appellant or Kansas City Company), whereby the latter leased to the former in perpetuity certain railroad properties extending from Mexico, Missouri, to Kansas City. The Chicago and Alton operated the line of railway under the lease until 1906, when it was consolidated with another company (hereinafter called the Consolidated Company), which operated the line until 1922, when it went into the hands of receivers. The receivers operated the line until 1931, when the properties of the Consolidated Company were sold by the receivers to appellee, The Alton Railroad Company, a newly-created company.

Back in 1916 certain of the leased land was sold by the Consolidated Company and the Kansas City Company to the Terminal Company in Kansas City. The Consolidated Company by stock ownership controlled the Kansas City Company, and the directors were interlocking in the two companies. These two interrelated companies entered into a contract for the disposition of the proceeds of the sale. This contract was attacked by a stockholders' suit, and on October 28, 1931, the suit was concluded by a consent decree wherein it was provided that the contract which purported to dispose of the proceeds of the sale should be set aside, and the sum of $200,000 should be paid by the receivers of the Consolidated Company or The Alton Railroad Company into the treasury of the Kansas City Company, after

deducting certain authorized expenditures, which left a fund of $173,166.66. This latter sum was to be paid into the treasury of the Kansas City Company "to be thereafter treated and held as property of said Kansas City, St. Louis and Chicago Railroad Company, subject to the same rights of the lessee, or successive lessees,. in and to said property as set forth and defined in and by the perpetual lease * * * dated March 15, 1878, * * * and to be treated and held subject to said perpetual lease to the same extent and in the same manner as all other property demised by said perpetual lease." The sum was paid into the treasury of the Kansas City Company. Thereafter, the officers of the Kansas City Company transferred the fund to the Alton Railroad Company and took back a receipt acknowledging the receipt of the money to be held by The Alton Railroad Company as lessee of the property of the Kansas City Company, under the perpetual lease of 1878 and the consent decree.

The books of The Alton Railroad Company show that this sum is carried in the general banking account of the Alton Railroad Company and as a non-negotiable debt owing to the Kansas City Company.

The complaint does not allege that the Alton Railroad Company is insolvent, but does allege that it is in a precarious financial condition and is not meeting some of its fixed charges.

The complaint also alleges that under the terms of the lease, the lessee is liable to the lessor for the costs and expenses of maintaining the corporate organization of the lessor, which sum was fixed by the Kansas City Company at $591.50 a month, beginning August 1, 1940, and that this sum is reasonable, and that the appellee has not paid any of said monthly expenses.

The complaint prayed:

"That a decree be entered herein requiring and providing that the said amount of $173,166.66 be segregated and safeguarded in the title of this Plaintiff, subject only to the rights of the defendant company, as lessee, to the use and benefit thereof as such lessee during the period of said lease, more particularly that the said fund be ordered invested in properties or securities placed in the title of plaintiff corporation subject to the right of the defendant, as lessee, to the use and income thereof during the life of said lease, * * * that the defendant be ordered to * * * pay into the treasury of plaintiff corporation the sum of $591.50 per month, commencing August 1, 1940, as and for the expenses of maintaining the corporate organization of this plaintiff. * * *"

A motion to dismiss directed to the complaint generally was sustained by the District Court.[1]

It is first contended by the appellee that the cause of action alleged for the payment by the lessee under the lease of the cost of maintaining the lessor's organization is not an action stating a legal cause but is an attempt to state an equitable cause. It is admitted by the appellee that under Rule 18(a) of the Federal Rules of Civil Procedure [2] a legal claim may be

---

[1] "Now comes The Alton Railroad Company, a corporation, Defendant herein, and moves that the Complaint herein be dismissed for the reason that the complaint herein does not set up a cause of action upon which a recovery can be had against Defendant, in that:

"(a) it appears from said Complaint that the sum of $173,166.66, referred to therein, is held by defendant under a lease dated March 15, 1878, as amended on May 29, 1879, said sum representing property held by Defendant subject to said lease to the same extent and in the same manner as all other property demised thereby; that said lease fixes the rights and obligations of Plaintiff and Defendant with respect to said sum, and does not give to Plaintiff the right to the protection, safeguarding and investment of said amount as prayed for in said Complaint.

"(b) The claim of Plaintiff for the payment of the sum of $591.50 per month, commencing August 1, 1940, as set out in paragraph 29 of the Complaint herein, is a claim on which Plaintiff has a complete and adequate remedy at law if said sums have or will become due and payable as alleged."

[2] "Rule 18. Joinder of Claims and Remedies.

"(a) Joinder of Claims. The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. There may be a like joinder of claims when there are multiple parties if the requirements of Rules 19, 20, and 22 are satisfied. There may be a like joinder of cross-claims or third-party claims if the requirements of Rules 13 and 14 respectively are satisfied."

joined in the same complaint with an equitable one. The appellee says the cause alleged is equitable because the prayer thereunder is for equitable relief, and the appellant is not entitled to equitable relief in this instance because it has an adequate remedy at law.

We do not think that the prayer on this part of the complaint is for equitable relief. Even if it were, the prayer does not control. The prayer may be looked to to help determine the relief to which the appellant is entitled, but it is not controlling.

"The question is not whether the Plaintiff has asked for the proper remedy but whether under his pleadings he is entitled to any remedy." Catanzaritti v. Bianco, D.C., 25 F.Supp. 457.

If the appellant has stated a cause of action for any relief, it is immaterial what he designates it or what he has asked for in his prayer; the court will grant him the relief to which he is entitled under the facts pleaded. Par. (c) of Rule 54, Federal Rules of Procedure, 28 U.S.C.A. following § 723c. See, also, Atwater v. North American Coal Corporation, D.C., 36 F. Supp. 975-977.

We think the appellant stated a cause of action at law for the recovery of the expenses of maintaining its organization as provided in the lease, and that it was properly joined with the rest of the complaint for equitable relief.

Now as to the equitable relief sought for the handling of the fund of $173,166.66. When the land was sold by mutual agreement of the parties, the money derived therefrom, on the principle of equitable conversion, stood in the place of the land. Mayer v. McCracken, 245 Ill. 551, 92 N.E. 355; Bartlow v. C., B. & Q. R. R. Co., 243 Ill. 332, 90 N.E. 721; Los Angeles Trust & Savings Bank v. Bortenstein, 47 Cal.App. 421, 190 P. 850; Pomeroy's Equity Jurisprudence (4th Edition) Vol. 1, Page 695. The incidents of the land attached to that money, and it should be treated as land. If land had been acquired in exchange for land, or other land had been purchased with the proceeds received from the sale of the land, it would have been held under the lease as all other land was held, the title in the lessor and the use in the lessee. In other words, if this money is to be held and taken into the possession of the lessee under the lease, it must be as property of the lessor.

Did the appellee do this? We do not think so. The complaint alleges and it is admitted by the motion to dismiss, and was not disputed on the argument or in the briefs, that this money is deposited in the general banking account of the appellee, and is carried on the books as a non-negotiable debt owing to the Kansas City Company.

This is not holding the money as the property of the appellant. This is holding the money and treating it as the money and property of the appellee, hence the debt appellee acknowledges that it owes to the appellant. The handling of this fund by the appellee has created the relationship of debtor and creditor between the appellee and the appellant. That is not a recognition of the property right of the appellant in the fund. It is a denial that the appellant has any property in the fund. It is a denial that the fund belongs to the appellant at all.

We do not undertake to say how the money shall be held, except to say that it should be held as the property of the appellant. In that method of handling, the title of the appellant to the fund must be recognized and preserved.

The case is reversed, with instructions to overrule the motion to dismiss.