George J. BONGRATZ and Mary Bongratz, Plaintiffs,

v.

WL BELVIDERE, INC., a Delaware Corporation, and Lakewood Development Company of Missouri, a Delaware Corporation, as partner d/b/a Candlewick Lake Associates, Defendants.

No. 75 C 3995.

United States District Court, N. D. Illinois, E. D.

June 21, 1976.

McLennon, Sklodowski & Nelson, Park Ridge, Ill., for plaintiffs.

Robert J. Oliver of Connolly, Oliver, Goddard, Coplan & Close, Rockford, Ill., Samuel J. Betar of Schippers, Betar, Lamendella & O'Brien, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

Plaintiffs brought this two-count complaint for damages under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq.* Count I alleges that, in connection with a sale of real property by the defendants on November 26, 1972, plaintiffs were not provided a property report before signing the contract as required by 15 U.S.C. § 1703(a)(1). Count II alleges that defendants made material misrepresentations to the plaintiffs before the contract was signed, in violation of 15 U.S.C. § 1703(a)(2)(B).

Defendants have moved to dismiss on the grounds that the statute of limitations has run and that the complaint asks for an improper measure of damages. In addition, they seek to dismiss Count II because there was no allegation that the representations were in commerce. We will grant the motion as to Count I. As to Count II, plaintiffs will be given leave to amend their complaint to meet defendants' interstate commerce objection; otherwise, their motion will be denied.

## STATUTE OF LIMITATIONS

The complaint was filed on November 21, 1975, almost three years after the sales contract was signed. Defendants argue that the case is governed by a two-year limitations period beginning with the date of sale and is therefore barred.

The statute of limitations under the Act is 15 U.S.C. § 1711, which reads:

No action shall be maintained to enforce any liability created under section 1709(a) or (b)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 1709(b)(1) of this title, unless brought within two years *after the violation upon which it is based.* In no event shall any such action be brought by a purchaser more than three years after the sale or lease to such purchaser. [emphasis added]

In this case, the liability was created under Section 1709(b)(1), which reads:

Any developer or agent, who sells or leases a lot in a subdivision—

(1) in violation of section 1703 of this title . . . may be sued by the purchaser of such lot.

The relevant portions of Section 1703, which defines the violation, read:

(a) It shall be unlawful for any developer or agent, directly or indirectly, to

make use of any means or instruments of transportation or communication in interstate commerce, or of the mails—

(1) *to sell or lease any lot* in any subdivision unless a statement of record with respect to such lot is in effect in accordance with section 1706 of this title and a printed property report, meeting the requirements of section 1707 of this title, is furnished to the purchaser in advance of the signing of any contract or agreement for sale or lease to the purchaser; and

(2) in selling, or leasing, or offering to sell or lease, any lot in a subdivision—

\* \* \* \* \* \*

(B) *to obtain money or property* by means of a material misrepresentation with respect to any information included in the statement of record or the property report or with respect to any other information pertinent to the lot or the subdivision and upon which the purchaser relies.
. . . [emphasis added]

It is clear from Section 1711 that the period of limitations begins to run from the time of the "violation." Therefore, the question we must decide is when the alleged violations took place. For this we must go not to Section 1709, for that merely defines the liability rather than the violation upon which it is based. The violations under that Act are defined by Section 1703. Count I of the complaint alleges a violation of Section 1703(a)(1). In that subsection, Congress provided that the unlawful activity is "to sell or lease." Since the complaint clearly alleges that the sale took place on November 26, 1972, that is the date on which the limitations period began to run. The period, under Section 1711, is two years, and therefore Count I is time-barred.

Count II, on the other hand, alleges a violation of Section 1703(a)(2)(B). The activity which constitutes the violation under that provision is "to obtain money or property." We have found no reported cases involving the question of when the limitations period begins to run in the case of a violation of Section 1703(a)(2)(B).[1] Nevertheless, the statute could not state more clearly that the period begins to run on the date of the violation and that the violation is the receipt of money or property. Indeed, had Congress intended that the period begin to run on the date of sale, it undoubtedly would have so provided, since it did provide that in no event shall an action be brought more than three years from the date of sale.

Although plaintiffs have not alleged when the date was on which defendants last received money or property, the running of the limitations is an affirmative defense which must be raised by defendants; plaintiffs need not plead that the complaint is timely filed. *Melhorn v. AMREP Corp.*, 373 F.Supp. 1378, 1380, (M.D.Pa. 1974). Since defendants have not established that the complaint was filed more than two years after they last received money or property from plaintiffs, and since the action was filed within three years of the sale date, we must deny defendants' motion as it relates to Count II.

## PRAYER FOR RELIEF

Defendants contend that plaintiff has not asked for the proper amount of damages, which, under the Act, is to be measured by:

the difference between the amount paid for the lot and the reasonable cost of any improvements thereto, and the lesser of (1) the value thereof as of the time such suit was brought, or (2) the price at which such lot shall have been disposed of in a bona fide market transaction before suit, or (3) the price at which such lot shall have been disposed of after suit in a bona fide market transaction but before judgment. [15 U.S.C. § 1709(c)]

1. In *Jacobsen v. Woodmoor Corp.*, 400 F.Supp. 1 (W.D.Mo.1975), and *Hall v. Bryce's Mountain Resort, Inc.*, 379 F.Supp. 165 (W.D.Va.1974), which held that the limitations period began to run on the date of sale, the violations alleged were failure to supply a property report, not material misrepresentations. *Happy Investment Group v. Lakeworld Properties, Inc.*, 396 F.Supp. 175 (N.D.Cal.1975), involved a violation of Section 1703(a)(2)(A), under which the violation is to employ any device, scheme, or artifice to defraud.

**30**

It does not appear from the complaint how plaintiffs measured the damages sought in Count II. Nevertheless, it is not ground for dismissal that the complaint asks for an improper amount of damages. "If the [plaintiff] has stated a cause of action for any relief, it is immaterial . . . what he has asked for in his prayer; the court will grant him the relief to which he is entitled under the facts pleaded." *Kansas City, St. L. & C.R.R. v. Alton R.R.,* 124 F.2d 780, 783 (7th Cir. 1941).

## INTERSTATE COMMERCE

Defendants' final ground is that Count II fails to allege that the use of any means or instruments of interstate commerce or the mails was involved in the alleged transaction.[2] Although plaintiffs have asserted in their Memorandum that interstate commerce was involved, no such allegation appears in their complaint. They will therefore be given 10 days to amend their complaint to allege facts showing that this element of the statutory violation is present. In the absence of such an amendment, the complaint will be dismissed.

Count I is dismissed with prejudice. Plaintiffs are given leave to amend their complaint within 10 days of the date of this opinion to allege that the facilities or instruments of interstate commerce or the mails were involved in the transaction as required by 15 U.S.C. § 1703(a). Otherwise, defendants' motion is denied.

---

**2.** Defendants have misconstrued the statute's interstate-commerce requirement in making this argument. It is not clear from Section 1703 exactly when in the transaction the facilities of interstate commerce or of the mails must be used, but it is certainly not in making the misrepresentation. The statute provides that interstate facilities must be used either in obtaining money or property or in selling or leasing or offering to sell or lease the lot. However, it is not clear from the statute which of these two elements of the statutory violation the interstate-commerce requirement applies to. Defendants have not directed their arguments to either of these two aspects of the transaction, and we need not resolve this question at this time.