**William A. NEWELL and Irene Newell, his wife, Plaintiffs,**

**v.**

**HIGH VISTA, INC.; All American Holding Corporation; First Valley Bank; American Bank & Trust Co. of Pennsylvania; American Urban Sciences Foundation, Inc.; Jack Halperin; Philip Seltzer; Nathan Seltzer; William Seltzer; Louis Schiavo; Charles Pilger; and Harold Burch, Defendants.**

**Civ. A. No. 78–1223.**

United States District Court, M. D. Pennsylvania.

Aug. 21, 1979.

---

Jack R. Heneks, Jr., Palmyra, Pa., for plaintiffs.

Peter J. Hoegen, Jr., Wilkes-Barre, Pa., Marjorie O. Rendell, Philadelphia, Pa., Knupp & Andrews, Harrisburg, Pa., for defendants.

MEMORANDUM

CONABOY, District Judge.

This is an action based upon 15 U.S.C. § 1701, et seq., the Interstate Land Sales Full Disclosure Act. Plaintiffs allege that Defendants have violated Section 1703(a)(2) of Title 15 U.S.C. by utilizing instrumentalities of interstate commerce to obtain property by means of misrepresentations. Plaintiffs' civil cause of action is based upon Section 1410(b)(1) of the Act. Presently before the Court is a Motion for Summary Judgment by Defendant, American Bank and Trust Co. of Pennsylvania on the ground that the Statute of Limitations has expired. The motion will be denied.

■ According to the Complaint and Answer, Plaintiffs entered into an agreement with Defendant, High Vista, Inc., to purchase a tract of land on November 16, 1975; on December 8, 1975 the deed of sale was executed and the title to the property was conveyed. On December 6, 1976 the Plaintiffs made their final payment on the purchase money note. On December 8, 1978 the Plaintiffs filed their Complaint in United States District Court.

Section 1711 of Title 15 U.S.C. sets forth the Statute of Limitations applicable to causes of action under the Act:

> *Section 1711 Limitations of Actions.* No action shall be maintained to enforce any liability created under Section 1709 (a) or (b)(2) of this title unless brought within one year after the discovery of the untrue statement or omission, or after such discovery should have been made by the exercise of reasonable diligence, or, *if the action is to enforce a liability created under 1709 (b)(1) of this title, unless brought within two years after the violation upon which it is based. In no event shall any such action be brought by a purchaser more than three years after the sale or lease to such purchaser.* (emphasis added)

Defendants contend that the present action is barred in that it was commenced more than three years after the sale and more than two years after the alleged violation. Plaintiffs contend that neither time limit has expired, and in the alternative, that the doctrine of equitable tolling should act to extend the time allowed for the bringing of the action.

We cannot agree that the three-year limit on actions has expired. The deed of sale was executed on December 8, 1975, exactly three years before the Complaint in this action was filed. Defendants attempt to define the moment of sale at November 16, 1975, the time the purchase money note was executed. They claim that since Plaintiffs became obligated by the November purchase agreement, a sale was completed at that time. Defendants, however, fail to cite any authority, nor to advance any reasons, why, in an action based upon a sale of land, the execution of the deed cannot be considered a sale. Where a Statute runs from the sale of land, and where there is no authority for the proposition that a deed execution cannot be considered a sale, this Court will not bar an action that is brought within three years of the execution of the deed simply because a purchase and sale agreement had previously been entered into.

Defendants cite as their authority the definition of sale found in 24 C.F.R. Section 1701 (n), which defines a sale as: "Any obligation or arrangement for consideration to purchase a lease or lot directly or indirectly."

While this may well establish the original agreement as a sale, it hardly goes so far as to deny that the execution of a deed can also be considered a sale. Indeed, the foregoing definition is an attempt to define what a sale is, not when it is, or from whence a Statute should run.

In fact, there is authority that both the original agreement and the execution of the deed should be considered contracts for sale. *See Gaudet v. Woodlake Development Company*, 413 F.Supp. 486, 488 (D.La.1976). Also, that the Statute, Section 1703(a)(2), runs from the date of the last receipt of payment. *See Bongratz v. W. L. Belvidere, Inc.*, 416 F.Supp. 27, 29 (N.D.Ill.E.D.1976).

In any event, there is no contrary authority, and we hold today, that an action based upon an actual sale of land will not fail under a three-year Statute of Limitations because a purchase agreement was entered into more than three years before the action was commenced, where the execution of the deed falls within the three-year limit.

■ Defendants also claim that this action is barred because it was not brought within two years of the violation. The violation, they point out, comes at the time of the sale, not when any subsequent misrepresentations might be made. We agree that Section 1703(a)(2) and its subdivisions establish the moment of the violation to be at the moment of the sale, and not afterwards. The language "in selling or leasing" specifically freezes the moment of the violation at the time of the sale or the lease. Defendants correctly compare this language with the more liberal language of securities law, "in connection with the sale or lease", in order to illustrate that misleading statements made after the completed sale do not constitute independent violations of the Act. We agree that when the final payment is made on an installment contract, that should be the starting point of the two-year limit. Nor can we agree with the contention of Plaintiffs that continuing payment of water and sewer rentals act to establish continuing violations of the Act. Nevertheless, we cannot agree that Section 1711 bars the bringing of this action.

Section 1711 states that the violation founded in Section 1703 must occur within two years of the violation. It then goes on to say that "[i]n no event shall any such action be brought by a purchaser more than three years after the sale or lease to such purchaser." We read this to indicate that there is flexibility allowed in the two-year limit, as long as the action is brought within three years of the sale.

■ Section 1703 in effect was designed to remedy two different types of violations. The first is a sale that takes place without the seller having first filed a statement of record. In this type of action there would be no real need for flexibility in the running of the two-year limit. But the second type of violation proscribed by Section 1703 is the use of any misstatement or omission of fact in the sale or lease of land. It is this type of violation that should lend itself to the flexibility that Section 1711 provides. The present case is a very clear example of this second type of case. Plaintiffs allege that Defendants stated that improvements would be made in the development scheme. They allege that Defendants promised that lodgings, horse rentals, stable facilities would be available to them (See paragraph 21 of Plaintiffs' Complaint). They allege that Defendants promised that a ski-lift would be built, and that Defendants continually made promises that such improvements and services would be provided. (See paragraph 11 of Plaintiffs' affidavit). The nature of this type of transaction, where improvements are promised well after any sale is entered into, necessitates a flexibility in the time limitation for bringing actions based upon misrepresentations. It would be unreasonable to hold a party strictly to a limitation that has begun to run before there is any indication that misstatements have been made.

■ A leading case in this area, *Husted v. Amrep Corp.*, 429 F.Supp. 298 (S.D.N.Y. 1977), also interprets the two-year limit to be flexible. Speaking of the last sentence of Section 1711, it stated:

"But by virtue of its position in an independent sentence at the end of the paragraph, the three-year limitations period must have been intended to have application to all of the claims (and their shorter limitations period) set forth in the preceding sentence. *Thus, the statute clearly contemplates that some actions under Section 1709(b)(1) [Section 1703] may be brought more than two years after the "violation" so long as they are within three years of the sale.*" 429 F.Supp. at 306. (emphasis added).

Thus, while the three-year limit is absolute, the two-year limit should be read with flexibility. Plaintiffs raise the issue of equitable tolling, a doctrine which is normally

read into every Statute of Limitations on Federal causes of action. *See Holmberg v. Armbrecht,* 327 U.S. 392, 396–97, 66 S.Ct. 582, 90 L.Ed. 743 (1946). Plaintiffs allege misrepresentations made by the Defendants after the sale of the land that caused them to hold on to their property, to delay pursuing their rights, and to continue making maintenance payments. They also allege that Defendants fraudulently caused Plaintiffs to believe that there was construction going on.

■ Indeed there is a strong question of fact as to whether Defendants did, through their own fraudulent behavior, cause Plaintiffs to rely on their promises and to delay the commencement of any legal action. In addition, Plaintiffs allege that Defendant, American Bank and Trust Co., was actively involved in the planning and management of the development area. Taking their allegations as true, this Court does not deem summary judgment against the Plaintiffs to be proper.[1]

We, therefore, find that Section 1711 grants this Court flexibility in the application of the two-year limit from the violation, provided that the action is brought within three years of the sale. Since the deed was executed exactly three years before the commencement of this action, and since Plaintiffs have pleaded facts, which if proven at trial, would justify this Court in extending, or tolling, the two-year limit, the Motion for Summary Judgment by Defendant, American Bank and Trust Co., is hereby denied.

---

1. The Court directs to the attention of counsel the recent decision of Judge Herman in *Kaplan* *v. Recra Del Corporation,* Civil No. 78–699 (M.D.Pa. Aug. 23, 1979).