UNITED STATES, PLAINTIFF *v.* STANLEY GORDON, DEFENDANT

Court No. 84-1-00074

Before RESTANI, *Judge.*

(Dated June 13, 1984)

*Richard K. Willard,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch and *Velta A. Melnbrencis, Esq.,* for plaintiff.
*Fronefield & deFuria (Leo A. Hackett, Esq.),* for defendant.

## OPINION AND ORDER

RESTANI, *Judge:* This matter is before the court on defendant's motion to dismiss on the basis that the statute of limitations found at 19 U.S.C. § 1621 has run as to this action. Plaintiff's action is brought pursuant to 19 U.S.C. § 1592 to recover penalties on account of fraud in the making of false customs entries. Plaintiff alleges that defendant participated in the entry of certain automobiles into the United States and that he knowingly filed false

papers with the United States Customs Service (Customs) regarding these vehicles.

Pursuant to § 1621 a fraud cause of action under § 1592 is not time barred if it is "commenced within five years after the time when the alleged offense was discovered." 19 U.S.C. § 1621 (1982). Defendant alleged that a petition for relief filed on January 5, 1978 caused or should have caused Customs to know that false documents had been submitted to it. Defendant also asserts that temporary possession of the vehicles at earlier times by Customs also caused Customs to have such knowledge. Barring other factors, either fact, if true, would constitute a valid statute of limitations defense since this action was filed on January 20, 1984. Plaintiff, of course, does not concede that the January 5, 1978 petition or possession of the vehicles caused it to discover the alleged wrong. Rather, it claims that the first material knowledge of the wrongdoing was obtained when the new owner of one of the vehicles under discussion revealed that it was a later model year car than indicated by defendant.

Defendant asserts that the motion to dismiss should be granted because on its face the complaint reflects a failure to comply with the statute of limitations. *Jablon* v. *Dean Witter & Co.,* 614 F.2d 677 (9th Cir. 1980). The court does not find the complaint to reflect that Customs had knowledge of the violations more than 5 years before suit was brought. Possession of the vehicle does not necessarily mean Customs agents knew the age of the car. Furthermore, neither party has provided the court with a copy of the January 5, 1978 petition which defendant claims also put Customs on notice of the claimed violations. Plaintiff has submitted an affidavit in support of its position and defendant has not countered that affidavit with an affidavit or evidence of any kind. Therefore, the motion to dismiss must be denied, to the extent it is based on unsupported or disputed factual allegations. *See United States* v. *R.I.T.A. Organics, Inc.,* 487 F.Supp. 75, 78 (N.D. Ill., 1980).

Defendant's motion is also based on plaintiff's failure to plead the date of discovery of the alleged wrongdoing. Ordinarily statutes of limitations run from the time a cause of action accrues. *Shonts* v. *Hirlman,* 28 F. Supp. 478 (S.D. Cal., 1939). Tolling until the time of discovery is an exception to this general rule. *Id.* In this case the statutory exception based on discovery of a fraud does exist, and courts have found that the statutes of limitation based on discovery of wrongdoing are "procedural". That is, facts regarding discovery of wrongdoing need not be pleaded by plaintiff as an element of its cause of action, rather the statute of limitations may be raised by defendant as an affirmative defense. *See Bongratz* v. *WL Belvidere, Inc.,* 416 F.Supp. 27 (N.D. Ill., 1976), which dealt with a federal statute of limitations in a non-fraud context. On the other hand similar statutory language has been found to constitute a "substantive" limitation which plaintiff must plead. *McMerty* v. *Burtness,* 72

F.R.D. 450, 453 (D. Minn. 1976). Thus, it appears that this issue cannot be decided by merely examining the words of the statute at issue in an attempt to find a phrase which answers the procedural v. substantive question. The court must look to the policies behind the precedents on this point.

In the securities fraud area the court in *Shonts* v. *Hirlman,* 28 F.Supp. at 486, found that because a statute of limitations based on discovery of a fraud is an exception to the general manner of construction of statutes of limitation that the limitation constituted an element of the cause of action which must be pleaded. Likewise, in *United States* v. *Firestone Tire & Rubber,* 518 F.Supp. 1021 (N.D. Ohio 1981) the court found that fraudulent concealment as an equitable exception to the statute of limitations must be pleaded with particularity pursuant to Rule 9(b) Fed. R. Civ. P. While neither of these cases is directly on point, they reflect a basic concern for fairness and judicial economy. The discovery exception to the ordinary limitation of actions rule benefits plaintiff, and plaintiff is not harmed by being required to plead it. Failure to plead facts relating to discovery of the offense gives the complaint an appearance of untimeliness and contributes to confusion and unnecessary motions.

The court sees no reason to dismiss this action for a mistake in pleading at this early stage. Defendant is not prejudiced by allowing plaintiff to amend its complaint. Therefore, the motion to dismiss is denied and plaintiff is permitted until 20 days from the date of this order to amend its complaint in accordance with this opinion.